966 So.2d 1062 (2007)
PONTCHARTRAIN TAVERN, INC.
v.
Rustin D. JOHNSON and Joseph D.R. Sobol.
No. 07-CA-115.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 2007.
John J. Messina, Attorney at Law, Kenner, Louisiana, for Plaintiff/Appellee.
Anthony L. Glorioso, Attorney at Law, Metairie, Louisiana, for Defendant/Appellant.
Panel composed of Judges THOMAS F. DALEY, GREG G. GUIDRY, and JAMES C. GULOTTA, Judge, Pro Tempore.
GREG G. GUIDRY, Judge.
The Defendant, Rustin D. Johnson, appeals from a partial summary judgment granted in favor of the Plaintiff, Pontchartrain Tavern, Inc., in this lease termination case, awarding Pontchartrain Tavern partial damages for unpaid rent, insurance premiums, taxes and late fees. For the reasons which follow, we find this Court lacks jurisdiction to review the partial summary judgment and order the appeal dismissed.
The litigation arises from a lease agreement entered into by Pontchartrain Tavern and Johnson, dated June 22, 1995. The property subject to the lease bears municipal address 324 Hammond Hwy, in the Parish of Jefferson, State of Louisiana. The lease was for a fixed three year term beginning June 24, 1995, with the right to renew for an additional three years. Rent *1063 of $4,000.00 was due on the first day of each month.
With the approval of Pontchartrain Tavern, Johnson entered into a sublease agreement with Joseph D.R. Sobol on April 25, 1996. The terms and conditions of the original lease were contained in the sublease and included, among others, the lessee's obligation to pay taxes due on the property and maintain insurance on the property. On June 9, 2000, an attorney, Evan Howell, purporting to represent Pontchartrain Tavern, notified Johnson and Sobol by registered letter addressed to them at the leased premises that they were in default under the agreement for non-payment of taxes, insurance and late fees. Demand was made in a specified sum and Johnson and Sobol were given five days to comply. On June 16, 2000, again by registered letter addressed to Johnson and Sobol at the leased premises' address, Johnson and Sobol were notified that Pontchartrain Tavern was canceling the lease and sublease.
Thereafter, Pontchartrain Tavern instituted eviction proceedings which resulted in a judgment, dated October 19, 2000, ordering Johnson and Sobol to vacate the premises by November 1, 2000. On May 22, 2001, Pontchartrain Tavern filed suit against Johnson and Sobol for unpaid rent, liquidated damages, unpaid taxes, past due insurance premiums, repair costs, sustained vandalism damages and attorney fees, all allegedly due according to the lease and sublease agreements. The amounts requested totaled $349,496.63. In response, Johnson filed an answer and reconventional demand. Thereafter, Pontchartrain Tavern moved for summary judgment for the amount prayed for. Johnson contested Pontchartrain Tavern's right to recover the amount prayed for.
Following a hearing on November 5, 2003, a partial summary judgment was granted in favor of Pontchartrain Tavern in the amount of $123,552.34. Following a motion for new trial and a hearing on January 18, 2006, the trial court, on July 6, 2006, issued an amended judgment in the amount of $29,080.30 covering past due rent, taxes, insurance premiums, and late fees. The right to attorney fees was acknowledged, in an amount to be determined later, as was the outstanding issue of liquidated damages. It is from the partial summary judgment and amendment thereto that Johnson appeals.
La. C.C.P. art.2083, addressing appealable judgments, provides in pertinent part:
A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
* * *
C. An interlocutory judgment is appealable only when expressly provided by law.
The trial court judgment rendered on November 5, 2003 and amended on July 6, 2006 is a partial summary judgment. A partial judgment may be a final judgment even if it does not grant the successful party all of the relief prayed for or adjudicate all of the issues in the case. La. C.C.P. art. 1915(A). La. C.C.P. art. 1915(A) lists partial judgments that are final. That list includes a trial court grant of "a motion for summary judgment, as provided by [Louisiana Code of Civil Procedure] Articles 966 through 969, but not including a summary judgment granted pursuant to [Louisiana Code of Civil Procedure] Article 966(E)." La. C.C.P. art. 1915(A)(3).
La. C.C.P. art. 966(E) provides for the grant of summary judgments in favor of any one or more of the parties to the litigation that are "dispositive of a particular *1064 issue, theory of recovery, cause of action, or defense" even if the grant of "the summary judgment does not dispose of the entire case." The summary judgment at issue does not dispose of the entire litigation, but only resolves some of Pontchartrain Tavern's damage claims. Therefore, it is not a partial final judgment as contemplated by La. C.C.P. art. 1915(A)(3).
Nevertheless, even if a partial summary judgment does not qualify as a final judgment under La. C.C.P. art. 1915(A)(3), it may still constitute a final judgment for the purpose of an immediate appeal if it is designated as a final judgment by the trial court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1). However, in the absence of such a designation, such a judgment "shall not constitute a final judgment for the purpose of an immediate appeal." La. C.C.P. art. 1915(B)(2). The trial court in this case has not designated its partial summary judgment a final judgment in accordance with La. C.C.P. art. 1915(B)(1).
Thus, since the judgment at issue is not a final judgment under La. C.C.P. art. 1915(A) and has not been properly designated a final judgment as provided in La. C.C.P. art. 1915(B), it is not appealable as one "in which appeals are given by law." La. C.C.P. art. 2083(A).
In brief, Johnson acknowledges that the partial summary judgment granted by the trial court is not a final appealable judgment and that the case should be remanded to the trial court for complete disposition of the claims of both parties.
Accordingly, upon finding that we have no jurisdiction over the matter, we dismiss the appeal and remand the case to the district court for further proceedings.
APPEAL DISMISSED.