983 So.2d 160 (2008)
Georgette LAVIOLETTE
v.
Vickie Charles DUBOSE.
No. 07-CA-916.
Court of Appeal of Louisiana, Fifth Circuit.
March 25, 2008.
David A. Dalia, Attorney at Law, New Orleans, LA, for Plaintiff/Appellee.
*161 Gregory A. Miller, Attorney at Law, Norco, LA, for Defendant/Appellant.
Panel composed of Judges SUSAN M. CHEHARDY, FREDERICKA HOMBERG WICKER, and GREG G. GUIDRY.
FREDERICKA HOMBERG WICKER, Judge.
Defendant, Vickie Charles Dubose, appeals from a trial court Judgment of Default confirming a default judgment that annulled and revoked a donation inter vivos by plaintiff, Georgette Laviolette. For the reasons which follow, we find that the judgment is not a final, appealable judgment. Accordingly, we dismiss the appeal without prejudice and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
Georgette Laviolette filed a Petition for Damages, Injunction, and For Revocation of Donation on June 7, 2007. Alleging "assault and battery and subsequent course of conduct [by defendant] designed to intentionally inflict emotional distress upon the plaintiff," plaintiff sought damages for personal injuries, permanent injunctive relief [against defendant], and revocation of a "certain donation." After obtaining a preliminary default against defendant on July 3, 2007, plaintiff confirmed the default judgment in proceedings dated July 13, 2007. Following testimony from the plaintiff, the trial court granted plaintiff a permanent injunction against defendant and ordered that the described donation from plaintiff to defendant be annulled and revoked. However, the trial court, expressing concern for "the prescription issue," deferred ruling on the personal injury claim of plaintiff pending introduction of additional admissible evidence and a memorandum on the issue of prescription. The Judgment of Default, consistent with the trial court's comments and reasons set forth in the transcript, reflects a partial judgment. The district court did not rule on the claim for personal injuries and did not sign that portion of the proposed judgment that had included an order granting an award for personal injuries.
Vickie Charles Dubose filed her Motion and Order of Devolutive Appeal on September 17, 2007. The appeal only addresses the revocation of the donation inter vivos. Defendant/Appellant also filed Peremptory Exceptions of Prescription and No Cause of Action in this Court. Plaintiff/Appellee has filed a Motion to Dismiss the appeal on the grounds that Appellant did not appeal in a timely manner.

LAW AND ANALYSIS
The Judgment of Default did not adjudicate all the claims of the parties and issues of the case, since the trial court deferred ruling on the claim for personal injuries. Though some partial judgments may be final according to strictly defined criteria, the Judgment of Default does not meet any criteria for a final judgment under the provisions of La.C.C. art. 1915 A. Rather, the Judgment of Default must be considered a partial judgment governed by the provisions of La.C.C. art, 1915 B. Raspanti v. Raspanti, 05-738 (La.App. 5 Cir. 3/3/06), 925 So.2d 676, 678.
La.C.C.P. art. 1915 B provides, in pertinent part:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories, whether in an original demand, reconventional demand, cross-claim, third party claim, or *162 intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
Since the trial court rendered a partial judgment as to less than all the claims, and the judgment has not been designated as a final judgment by the trial court after an express determination that there is no just reason for delay, the judgment at issue is not a final judgment under La.C.C.P. art. 1915 A or La.C.C. art. 1915 B and is not appealable as one ". . . in which appeals are given by law." La.C.C.P. art. 2083 A. See Pontchartrain Tavern, Inc. v. Johnson, 07-115 (La.App. 5 Cir. 8/28/07), 966 So.2d 1062, 1064. Thus, this Court, as in Pontchartrain Tavern v. Johnson, supra, lacks jurisdiction over the matter.
The Court acknowledges Appellee's Motion to Dismiss Appeal based on the failure to appeal in a timely manner. In the face of our ruling that the appeal is premature, we find that Appellee's Motion to Dismiss is moot.
The Court also acknowledges Appellant's Peremptory Exceptions of Prescription and No Cause of Action filed in this Court. Because the Judgment of Default is a partial judgment, not final for purposes of an immediate appeal, it may be revised at any time prior to rendition of the judgment adjudicating all the claims and rights of all the parties. La.C.C.art. 1915 B(2). Therefore, these exceptions may be heard by the trial court until such time as that court has ruled on the remaining claims and causes of action.
Accordingly, for the foregoing reasons, we dismiss the appeal without prejudice and remand the case to the district court for further proceedings.
APPEAL DISMISSED REMANDED.