PER CURIAM.
 

 li>This is a personal injury action arising from a motor vehicle accident. Plaintiff/appellant Jeffrey Schurr (“Schurr”) appeals a judgment in his favor against his employer’s uninsured/underinsured motorist carrier Homestead Insurance Company (“Homestead”), defendant/appellee. The judgment awarded Schurr $2,493.59 in damages and interest from the date of judicial demand. Schurr specifies three errors to the proceedings below. First, Schurr alleges that the trial court erred in finding him 50% at fault in causing the accident. Second, Schurr alleges that the trial court erred in finding he did not mitigate his damages. Third, Schurr alleges that the trial court’s general damages award was abusively low. Because we find that the judgment is a non-appeal-able partial judgment, we hereby dismiss this appeal and remand the case to the trial court for further proceedings.
 

 
 *960
 
 On July 17, 1995, Schurr filed a Petition for Damages. The Petition alleged that on August 14,1994 “[Schurr] was traveling on the [Lake Ponchartrain] Causeway on/off ramp in Jefferson Parish when suddenly and without warning a | .^vehicle being operated by Joseph O’Dwyer struck [Schurr’s] vehicle in the rear. As a result of this incident, [Schurr] sustained injuries.”
 

 On October 20,1995, Homestead filed an Answer to First Supplemental and Amended Petition.
 
 [1]
 
 In the October 20 Answer, Homestead alleged that “[t]he sole and proximate cause of the accident giving rise to this suit was the negligence of plaintiff, Jeffrey Schurr.” More specifically, Homestead contended that Schurr had made a sudden and unwarranted stop in a lane of moving traffic, that Schurr had failed to move his vehicle from the roadway once it became obvious that he had a flat tire, and that Schurr had failed to activate his emergency flashers indicating that his vehicle was disabled.
 

 Trial in this matter was held on August 4, 1998. The trial court rendered a Judgment on October 8, 2008 awarding Schurr $2,493.59 in damages. The Judgment also ordered Homestead to pay interest from the date of judicial demand. In contrast, in its Reasons for Judgment, the trial court explained that Schurr proved medical expenses in the amount of $14,231.48 and that “general damages in the amount of $17,000 [were] appropriate, for a total of $31,231.48 in damages.” The trial court additionally stated that it found “that the plaintiff Jeffrey Schurr and the defendant Joseph O’Dwyer were both negligent ... [therefore], the percentage of negligence for Mr. Schurr is 50% and for Mr. O’Dwyer, 50%.” Moreover, the trial court stated it was of the opinion that because “the plaintiff failed to attend physical therapy as prescribed by his first treating physician, the Court find[s] that the plaintiff further contributed to his injuries and the damages should be reduced by an additional 10% ... resulting in a damage award of $12,493.59.” The trial also stated it was reducing the award by the $10,000.00 to reflect a sum that State Farm Mutual Automobile Insurance Company had paid |4Schurr prior to trial. None of these aspects of the case were addressed by the court in the actual Judgment. Although Schurr filed this timely appeal from the trial court’s October 8, 2008 Judgment, he is actually assigning errors from the Reasons for Judgment.
 

 La. C.C.P. art. 1841 provides that appeals lie from final judgments only. A final judgment “determines the merits in whole or in part,” while an interlocutory judgment “does not determine the merits but only preliminary matters in the course of the action.”
 
 See also New Orleans Firefighters Ass’n Local 632 v. City of New Orleans,
 
 1999-0011 (La.App. 4 Cir. 11/24/99), 750 So.2d 1069, 1072. Written reasons for judgment are considered to be interlocutory rulings and do not carry the finality of a judgment.
 
 Taylor v. Brandner,
 
 05-970 (La.App. 5 Cir. 4/25/06), 928 So.2d 751, 755 (citing
 
 Davis v. Farm Fresh Food Supplier,
 
 2002-1401 (La.App. 1 Cir. 3/28/03), 844 So.2d 352, 354). Appellate courts review the correctness of the judgment, rather than the reasons for the underlying judgment.
 
 Irsch v. Argonaut Great Cent. Ins. Co.,
 
 02-988 (La.App. 5 Cir. 1/28/03), 841 So.2d 831, 841. Likewise, the trial court’s reasons for judgment, while defining the principles upon which the court is deciding a case, form no part of the official judgment signed and
 
 *961
 
 from which appeals are taken. La. C.C.P. art. 1917, art. 1918;
 
 Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc.,
 
 03-422 (La.App. 5 Cir. 9/16/03), 858 So.2d 22, 30.
 

 In the instant case, Schurr’s Petition alleged that he had been injured through the negligence of O’Dwyer. Conversely, Homestead’s Answer to First Supplemental and Amended Petition alleged that Schurr was at fault in causing the accident. However, the trial court’s judgment of October 8, 2008 did not address the issues raised in the Petition or the Answer to First Supplemental and Amended Petition, nor did it address the issue of general damages. Thus, the trial court [¿issued a partial judgment as to “less than all of the claims, demands, issues, or theories” of Schurr and Homestead. La. C.C.P. art. 1915(B)(1).
 

 Since the trial court failed to address all of the claims, and the judgment has not been designated as a final judgment by the trial court after an express determination that there is no just reason for delay, the trial court’s October 8, 2008 Judgment is not a final judgment under La. C.C.P. art. 1915(B)(1) and is therefore not appealable as one “which appeals are given by law” under La. C.C.P. art. 2083(A).
 
 See Pontchartrain Tavern, Inc. v. Johnson,
 
 07-115 (La.App. 5 Cir. 8/28/07), 966 So.2d 1062, 1064.
 

 La. C.C.P. art. 1915(A) provides that a partial judgment may be considered a final judgment in some circumstances even if the partial judgment does “not grant the successful party or parties all of the relief prayed for” or adjudicate all of the issues in the ease.
 
 [2]
 
 However, none of the specified instances contained in La. C.C.P. art. 1915(A) are applicable to the instant case. Thus, the trial court’s October 8, 2008 judgment is not a final applicable judgment under La. C.C.P. art. 1915(A).
 
 Pontchartrain Tavern, Inc.,
 
 966 So.2d at 1064;
 
 O’Connor v. Nelson,
 
 05-125, p. 4 (La.App. 5 Cir. 7/26/05), 910 So.2d 441, 443.
 

 | Accordingly, we have no jurisdiction to consider this matter. This appeal is dismissed. Each party is to bear their own costs of this appeal. All other costs to await final determination of the cause.
 

 APPEAL DISMISSED.
 

 [1]
 

 . Homestead was the umnsured/underinsured motorist insurance carrier of Schurr's employer.
 

 [2]
 

 . The entirety of La. C.C.P. art. 1915(A) provides:
 

 A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
 

 (1) Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
 

 (2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
 

 (3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
 

 (4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
 

 (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
 

 (6) Imposes sanctions or disciplinaty action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).