WALTER J. ROTHSCHILD, Judge.
 

 |2Plaintiff, Stacy Cambre English (hereinafter referred to as “Stacy”), appeals the trial court’s judgment denying her claim against defendant, Donald English (hereinafter referred to as “Donald”), for final periodic spousal support. For the reasons which follow, we reverse the trial court judgment and remand this matter for further proceedings.
 

 STATEMENT OF THE CASE
 

 The parties, Stacy and Donald, were married on August 30, 1994. On June 24, 2005, Stacy filed a petition for divorce and, on July 21, 2006, a judgment of divorce was rendered. On June 16, 2006, Stacy filed a pleading in the trial court seeking relief on several issues and asking the trial court to award her final periodic spousal support, claiming that she is free from fault in the break-up of the marriage and that she has insufficient income or means to support herself. On November 5, 2007, Stacy filed a “Rule/Petition to Reset Final Spousal Support and Rule to Set Trial for Determination of Fault,” in which she stated that she had been receiving a $930.59 monthly benefit from Donald’s retirement pension, but Donald returned to work at the Jefferson Parish Sheriffs Office so she was no longer receiving this benefit. Accordingly, she asked the court to order Donald to pay her final periodic spousal support in the amount that she had been receiving from the pension.
 

 |sThe parties appeared before the trial court on April 25, 2008 for a fault trial relative to the issue of final spousal support. At the conclusion of trial, the trial judge took the matter under advisement. On May 15, 2008, the trial judge rendered a judgment finding that Stacy is not entitled to final periodic spousal support, because although she was not at fault in the break-up of the marriage, she did not show that she was in need of support.
 
 [1]
 
 Stacy appeals.
 

 DISCUSSION
 

 On appeal, Stacy contends that the trial judge abused her discretion in making a determination as to Stacy’s need of support, because the only issue before the court at the trial was whether or not Stacy was at fault in the break-up of the marriage.
 
 [2]
 
 We agree.
 

 
 *35
 
 At the beginning of the trial, the trial judge stated:
 

 We have decided to hear fault first; is that correct?
 

 Counsel for Stacy answered affirmatively and there was no objection or other clarification by counsel for Donald. Thereafter, there were several instances indicating that fault was the sole issue to be considered at this trial. During cross-examination of Stacy, Donald’s counsel began questioning Stacy about her work hours and indicated to the trial judge that she was attempting to demonstrate that Stacy did not make $11,000 to $12,000 per year. Counsel for Stacy stated:
 

 Your Honor, my understanding was we were having a fault hearing. I didn’t put on the financial. I mean, we can go there but I think you have to have the fault hearing before you send us back to Carl to compute the numbers.
 

 The trial judge replied:
 

 Yes, let’s handle fault at this time. I toon’t allow the question right now but preserve that question.
 

 |4Later in the proceeding, Donald’s counsel questioned Stacy about the parties’ daughter, Kayla, and Stacy’s counsel objected. The trial judge stated:
 

 We’re not going to talk about Kayla. Let’s talk about fault. Objection sustained. Otherwise, we’ll be here until tonight.
 

 Thereafter, when Stacy’s counsel questioned Donald about why he returned to work, his counsel objected as follows:
 

 Your Honor, I’m going to object because that’s beyond the fault and that’s also beyond the date of the filing of the divorce.
 

 Finally, when Stacy’s counsel questioned Donald regarding his payment of child support to his previous wife, his counsel objected as follows:
 

 Your Honor, I’m going to object to the relevance unless that’s considered for the breakup of the marriage. I don’t think that’s been an allegation.
 

 In a proceeding for divorce or thereafter, the trial court may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage. LSA-C.C. art. 111. Fault is a threshold issue in a claim for spousal support.
 
 Hutson v. Hutson,
 
 39,901, p. 8 (La.App. 2 Cir. 8/9/05), 908 So.2d 1231, 1236. The initial consideration in determining if a claimant is entitled to permanent spousal support is whether he or she is free from fault in causing the breakup of the marriage and, once the lack of fault is established, the basic tests for the amount of spousal support are the needs of that spouse and the ability of the other spouse to pay.
 
 Ardoin v. Ardoin,
 
 06-245, p. 3 (La.App. 3 Cir. 6/28/06), 934 So.2d 253, 255,
 
 writ denied,
 
 06-1925 (La.11/3/06), 940 So.2d 667. The burden of proof is on the claimant seeking final periodic support to show that he/she is without fault.
 
 Adkins v. Adkins,
 
 42,076, p. 2 (La.App. 2 Cir. 4/11/07), 954 So.2d 920, 922.
 

 The record before us clearly shows that the only issue before the trial court on April 25, 2008 was whether or not Stacy was at fault in the breakup of the | .^marriage. Even the trial court’s judgment, dated May 15, 2008, reads: “[t]his matter came for hearing on April 25, 2008,
 
 for a fault trial
 
 relative to the issue of final periodic spousal support.” (Emphasis added.) Although the trial judge indicated that she considered the relevant factors under LSA-C.C. art. 112
 
 [3]
 
 and there was some testimony regarding Stacy’s income, the entire transcript reveals that
 
 *36
 
 whether or not Stacy was in need of final periodic spousal support and the factors in LSA-C.C. art. 112(B) were not fully addressed or at issue. The sole issue before the trial court was the threshold issue of whether or not Stacy was at fault in the break-up of the marriage.
 

 In
 
 Arcuri v. Arcuri,
 
 94-1027 (La.App. 1 Cir. 11/10/94), 646 So.2d 1017, the trial judge indicated that the only issue being addressed and considered at a hearing was whether the mother would be allowed to relocate with the children to another state. However, after the hearing, the trial judge ruled that not only could the mother relocate with the children, but also she was awarded sole custody of the children. The father appealed, arguing that the trial judge erred in adjudicating the issue of custody when that issue was not properly before the Court. Although there was obviously some testimony that was pertinent to the issue of custody, the First Circuit reversed the trial judge’s award of sole custody to the mother and remanded the case, finding that the father was deprived of a meaningful contradictory hearing |fion the custody issue by the trial court’s statement at the beginning of the hearing that the sole issue to be decided was whether the mother would be permitted to leave the state with the children.
 
 Arcuri,
 
 94-1027 at 5, 646 So.2d at 1019.
 

 In the present case, because the record clearly shows that the only issue before the trial judge was whether or not Stacy was at fault in the breakup of the marriage, we find that the trial judge erred in also deciding that Stacy was not in need of support. Although some of the testimony was pertinent to the issue of need of support, Stacy was not afforded a meaningful contradictory hearing on the issue of need of support because the record shows that the trial judge and counsel for each party were aware that fault was the only issue to be addressed.
 

 DECREE
 

 For the foregoing reasons, the decision of the trial court finding that Stacy is not entitled to final periodic spousal support because she did not show that she was in need of support is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . We note that although the trial judge found that Stacy was not in need of support, on January 7, 2009, the trial judge granted Stacy's request to prosecute or defend this litiga-lion without paying costs or
 
 in forma pauper-is.
 

 [2]
 

 . Donald did not file an appellee brief with this Court.
 

 [3]
 

 . LSA-C.C. art. 112 provides:
 

 A. When a spouse has not been at fault and is in need of support, based on the
 
 *36
 
 needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph B of this Article.
 

 B. The court shall consider all relevant factors in determining the amount and duration of final support. Those factors may include:
 

 1. The income and means of the parties, including the liquidity of such means.
 

 2. The financial obligations of the parties.
 

 3. The earning capacity of the parties.
 

 4. The effect of custody of children upon a party's earning capacity.
 

 5. The time necessary for the claimant to acquire appropriate education, training, or employment.
 

 6. The health and age of the parties.
 

 7. The duration of the marriage.
 

 8. The tax consequences to either or both parties.
 

 C. The sum awarded under this Article shall not exceed one-third of the obligor's net income.