MARC E. JOHNSON, Judge.
 

 | jDefendant/Appellant, Michael Wayne Noto, appeals the judgment of the 29th Judicial District Court finding Plaintiff/Ap-pellee, Rhodalea Davis Noto, free from fault for the dissolution of the marriage and awarding final spousal support for, at least, twenty-four (24) months. For the following reasons, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 According to the pleadings, the parties were married on May 3, 1980. Two children were born of the marriage. Although Plaintiff was employed, Defendant was the primary financial provider for the family throughout the marriage. Plaintiff mainly performed the household duties.
 

 On March 3, 2007, Defendant confessed to Plaintiff that he had been having an affair with an employee of his. Despite Defendant’s confession, the parties did not immediately separate. The parties attempted to reconcile the marriage, and the relationship did improve between May 2007 and July 2007. During that time period, the parties started marriage counseling and vacationed together. However, |3each party’s opinion as to whether there was a reconciliation of the marriage differs. On July 25, 2007, Defendant moved out of the family home citing Plaintiffs continuous nagging and griping about his past infidelity as the reasons for departure.
 

 On February 13, 2008, Plaintiff filed for a divorce under LSA-C.C. art. 102. The parties entered into an interim Consent Judgment on May 5, 2008, with regard to custody, child support, interim spousal support, and other ancillary issues. The judgment also provided that the parties’ community property regime was terminated by statute effective as of February 13, 2008.
 

 Defendant filed an answer to the divorce petition along with a reconventional de
 
 *1178
 
 mand for an immediate divorce pursuant to LSA-C.C. art. 103. The parties filed a Joint Request for Judgment on the Pleadings, and a divorce was granted to the parties on April 28, 2009.
 

 On May 1, 2009, Defendant filed a Motion to Set Fault and Need as to Final Periodic Support. On June 16, 2009, Plaintiff filed a Motion to Increase Spousal Support. The hearings for both motions were held on June 29, 2009. From those motions, the trial court rendered a Judgment and provided Reasons for Judgment on July 31, 2009. In its Judgment, the trial court found that Plaintiff was not at fault for the termination of the marriage, she was in need of support, and Defendant had the ability to pay final periodic spousal support. Additionally, the Judgment ordered Defendant to pay Plaintiff $1,500.00 per month for final periodic spousal support for a twenty-four (24) month period, which was retroactive to June 16, 2009. All other claims not addressed in the Judgment were denied and dismissed.
 

 |4On August 13, 2009, Defendant filed a Motion for New Trial based upon newly discovered evidence. The trial court denied the motion on August 14, 2009. Subsequently, Defendant filed the instant appeal from the July 31, 2009 judgment.
 

 ASSIGNMENT OF ERRORS
 

 Defendant raises the following assignments of error on appeal: 1) the trial court committed manifest error in finding Plaintiff “free from fault,” as it failed to consider that, after Defendant’s infidelity, the parties reconciled; 2) the trial court manifestly abused its discretion in finding Plaintiff “in need of support,” as it failed to consider that Plaintiff earns a respectable annual salary of $47,786.36 and has sufficient means for her maintenance; 3) the trial court manifestly abused its discretion in finding Plaintiff “in need of support” and, alternatively, in calculating the amount of support, as it considered expenses that do not fit within the definition of “maintenance,” such as veterinary expenses, gift expenses, entertainment expenses, miscellaneous expenses, and her share of equally divided credit card expenses; 4) the trial court abused its discretion in setting the duration of final periodic spousal support at a minimum of twenty-four (24) months by failing to consider that Plaintiffs maintenance expenses decreased by $545.00 per month in February 2010, when she satisfied the mortgage on her vehicle; and, 5) the trial court abused its discretion in failing to grant Defendant’s Motion for New Trial on the basis that newly discovered evidence proved that Plaintiff knowingly gave false testimony and introduced falsified evidence upon which the trial court relied in rendering its Judgment.
 

 | sLAW AND ANALYSIS
 

 Denial of Motion for New
 
 Trial
 
 [1]
 

 Defendant alleges that the trial court erred in failing to grant his Motion for New trial on the basis that newly discovered evidence proved that Plaintiff gave false testimony and introduced falsified evidence regarding the payments and charges on a Bank of America credit card upon which the trial court relied in rendering its judgment.
 

 Denial of a motion for new trial is an interlocutory and non-appealable judgment.
 
 Smith v. Smith,
 
 08-575 (La.App. 5 Cir. 1/12/10), 31 So.3d 453;;
 
 Roger v. Roger,
 
 99-765, p. 3 (La.App. 5 Cir. 1/12/00); 751 So.2d 354, 356. However, the Louisi
 
 *1179
 
 ana Supreme Court has instructed the courts of appeal to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits, when it is clear from appellant’s brief that he intended to appeal the merits of the case.
 
 Id.; See, e.g., Punctual Abstract Co. Inc. v. U.S. Land Title,
 
 09-97, (La.App. 5 Cir. 11/10/09), 28 So.3d 459;. It is obvious from Defendant’s brief that he intended to appeal the merits of this case. We will consider the appeal from the July 31, 2009 judgment.
 

 Additionally, we note that the evidence submitted in the Motion for New Trial will be mentioned in this opinion, but not considered, because it was not officially introduced into the record.
 
 See Smith v. Smith, supra; Ray Brandt Nissan v. Gurvich,
 
 98-634, p. 3 (La.App. 5 Cir. 1/26/99); 726 So.2d 474, 476. The sole purpose of mentioning the evidence is to acknowledge all of the allegations raised by Defendant.
 

 | fi
 
 Determination of Fault
 

 Defendant alleges that the trial court erred in finding that Plaintiff was free from fault for the dissolution of the marriage because Plaintiff engaged in a constant denial of marital privileges and a constant pattern of nagging, griping and harassing toward Defendant about his infidelity. Defendant claims that Plaintiff would suddenly refer to his adulterous lover in defamatory terms in order to provoke him. Defendant also claims that the newly-discovered evidence regarding the credit card payments was proof that Plaintiff knowingly submitted false testimony and falsified evidence at the hearing, which rendered her entire testimony less than credible. Defendant further alleges that because the parties reconciled in May of 2007, the trial court should have limited its fault determination to the time period between the May 2007 reconciliation and the final separation of the parties on July 25, 2007.
 

 A trial court’s finding of fault is a factual determination, and thus is subject to the manifest error standard of review.
 
 Smith v. Smith, supra, citing, Thibodeaux v. Thibodeaux,
 
 95-671, p. 5 (La.App. 5 Cir. 1/30/96); 668 So.2d 1269, 1272,
 
 writ not considered,
 
 96-0549 (La.4/19/96); 671 So.2d 930. The trial court is vested with vast discretion in determination of fault for the purposes of determining final support because this issue turns largely on evaluations of witness credibility, and its finding of fault will not be disturbed in the absence of manifest error.
 
 Gilley v. Gilley,
 
 07-568, p. 3 (La.App. 5 Cir. 12/11/07); 976 So.2d 727, 728. Additionally, the trial court is vested with great discretion in making post divorce alimony determinations.
 
 Ward v. Ward,
 
 04-803, p. 5 (La. App. 5 Cir. 1/25/05); 894 So.2d 499, 502.
 

 In a proceeding for divorce or thereafter, the trial court may award final periodic support to a party who is in need of support, and who is free from fault 17prior to the filing of a proceeding to terminate the marriage.
 
 English v. English,
 
 09-214 (La.App. 5 Cir. 12/8/09); 30 So.3d 33; LSA-C.C. art. 111. Fault is a threshold issue in a claim for spousal support.
 
 Id.
 
 The burden of proof is on the claimant seeking final periodic support to show that he/she is without fault.
 
 Id.
 

 “Legal fault,” which will preclude support, consists of serious misconduct, which is a cause of the marriage’s dissolution.
 
 Gilley v. Gilley,
 
 07-568 at p. 3; 976 So.2d at 728,
 
 citing Simon v. Simon,
 
 96-876, p. 7 (La.App. 5 Cir. 5/14/97); 696 So.2d 68, 72. All spouses have faults, and spouses seeking support need not be perfect to be free from legal fault.
 
 Id.
 
 Petty quarrels between husband and wife do not rise to the level of “legal fault.”
 
 Id.
 

 
 *1180
 
 To prove cruel treatment, a party needs to show a continued pattern of mental harassment, nagging, and griping by one spouse directed at the other, so as to make the marriage insupportable as mere bickering and fussing do not constitute cruel treatment for purposes of denying alimony.
 
 Gilley v. Gilley, supra.
 

 The cause of action for divorce is extinguished by the reconciliation of the parties. LSA-C.C. art. 104. The effect of reconciliation is to “wipe the slate clean” and make the issue of fault of the parties prior to the reconciliation moot as to any cause of action subsequent to the reconciliation.
 
 Hamsa v. Hamsa,
 
 95-736, p. 4 (La.App. 5 Cir. 1/17/96); 668 So.2d 1209, 1211.
 

 In the instant case, the trial court found that Plaintiff was not at fault for the termination of the marriage. The trial court acknowledged that the parties’ versions of their love life were very different. The trial court was impressed by Plaintiffs testimony and found her to be a believable witness who was sincere in her testimony. The trial court also found that Defendant did not prove by preponderance of the evidence that Plaintiff was at fault for the termination of the |8marriage because he failed to produce corroboration of his allegations at the time of the June 29, 2009 hearing. Since there was nothing submitted into evidence to corroborate the allegations of either party, the trial court relied on its credibility determination and found Plaintiff to be more credible.
 

 We do not find that the trial court manifestly erred in determining that Plaintiff was not at fault for the termination of the marriage. Defendant did not submit sufficient evidence to prove by preponderance of the evidence that Plaintiff engaged in a continued pattern of mental harassment, nagging and griping or denied marital privileges. Furthermore, even though the parties did go on a family vacation together, we do not find that sufficient evidence was submitted to prove that the parties had reconciled marriage in May of 2007. Therefore, we find no reason to disturb the determination of the trial court that Plaintiff was not at fault from the time Defendant confessed his infidelity until the parties’ physical separation. Accordingly, we find that this assignment has no merit.
 

 Determination of Need for Final Spousal Support
 

 Defendant alleges that the trial court erred in finding that Plaintiff was in need of final periodic spousal support because it failed to consider her salary. Defendant argues that Plaintiff is employed by the Jefferson Parish School Board and earns a respectable annual salary of $47,786.76. Defendant further argues that Plaintiff receives health benefits, a deferred compensation retirement plan, and annual salary increases. As a result, Defendant claims that it is undeniable that Plaintiff has sufficient means to provide for her own maintenance.
 

 In a proceeding for divorce or thereafter, the court may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage. LSA-C.C. art. 111. Once the lack of fault in the termination of the marriage is established, the basic tests for the [¡¡amount of spousal support are the needs of that spouse and the ability of the other spouse to pay.
 
 English v. English, supra.
 
 Because the trial court is vested with much discretion in determining awards of spousal support, these determinations will not be disturbed absent a clear abuse of discretion.
 
 Dufresne v. Dufresne,
 
 08-215, p. 13 (La.App. 5 Cir. 9/16/08); 992 So.2d 579, 588,
 
 writ denied,
 
 08-2843 (La.12/17/08); 996 So.2d 1123.
 

 
 *1181
 
 Here, the trial court found that Plaintiff has needs beyond her income. The trial court noted that Plaintiff pays all of the community debts, with the exception of the note on the boat. The trial court reviewed salaries and expenses of both parties. The trial court determined that Plaintiffs monthly need is $1,508.00, which is the difference between Plaintiffs monthly net income and her monthly expenses. The trial court determined Defendant has an excess of income in the amount of $1,735.00, which is the difference between Defendant’s monthly net income and his monthly expenses Ultimately, the trial court concluded that Plaintiff has a need for final periodic spousal support, and Defendant has the ability to pay the support amount. We do not find that the trial court abused its discretion in determining that Plaintiff is entitled to final periodic spousal support and find no reason to disturb its ruling. Therefore, this assignment of error has no merit.
 

 Calculation of Spousal Support
 

 Defendant alleges that the trial court erred in calculating the amount of final periodic spousal support, as it considered expenses that do not fit within the definition of “maintenance.” In his brief, Defendant alleges that the following expenses do not fit within the definition of “maintenance:” entertainment/miscellaneous, gifts, credit cards, veterinary bills, cell phone, cable/internet, medical, pharmacy, and utilities.
 

 |inIn the Judgment, the trial court ordered Defendant to pay Plaintiff the sum of $1,500.00 per month for final periodic spousal support. In its Reasons for Judgment, the trial court provided a list of monthly expenses for Plaintiff, which included utilities, cable/internet/phone, cell phone bill, veterinary bills, medical bills, credit cards, gifts, and entertainment/miscellaneous among other expenses. The trial court utilized this list in consideration of the amount of final periodic spousal support that it awarded to Plaintiff.
 

 LSA-C.C.P. art. 1841 provides that appeals lie from final judgments only. Appellate courts review the correctness of the judgment, rather than the reasons for the underlying judgment.
 
 Schurr v. O’Dwyer,
 
 09-24, p. 4 (La.App. 5 Cir. 9/3/09); 22 So.3d 959, 960;
 
 Irsch v. Argonaut Great Cent. Ins. Co.,
 
 02-988, p. 15 (La.App. 5 Cir. 1/28/03); 841 So.2d 831, 841. The trial court’s reasons for judgment, while defining the principles upon which the court is deciding a case, form no part of the official judgment signed and from which appeals are taken.
 
 Id.;
 
 LSA-C.C.P. art 1917 and 1918;
 
 Vintage Contracting, L.L.C. v. Dixie Bldg. Material Co., Inc.
 
 03-422, p. 13 (La.App. 5 Cir. 9/16/03); 858 So.2d 22, 30.
 

 The trial court is vested with much discretion in determining awards of spousal support, and these determinations will not be disturbed absent a clear abuse of discretion.
 
 Dufresne v. Dufresne, supra.
 

 The allocation of monthly expenses is listed in the trial court’s Reasons for Judgment, which does not form part of the official judgment and will not be reviewed by this Court for correctness. The Judgment of the trial court awards Plaintiff a sum of 1„ $1,500.00 per month for final periodic spousal support without an explanation regarding the derivative of the calculation. After reviewing the evidence submitted to the trial court for all of the monthly expenses of Plaintiff, we do not find that the trial court was clearly wrong in awarding the total sum $1,500.00 for final periodic spousal support. Despite the fact that “maintenance” allows for the basic necessities of life and does not include luxury items, the evidence submitted supports a $1,500.00 award without including the luxury items. Therefore, this assignment of error is without merit.
 

 
 *1182
 

 Duration of Spousal Support
 

 Defendant alleges that the trial court abused its discretion in setting the duration of final periodic spousal support at a minimum of 24 months by failing to consider that Plaintiffs maintenance expenses decreased by $545.00 per month in February of 2010, when she satisfied the mortgage on her vehicle.
 

 An award of periodic support may be modified if the circumstances of either party materially change and shall be terminated if it has become unnecessary. LSA-C.C. art. 114. The obligation of final spousal support may be modified, waived, or extinguished by judgment of a court of competent jurisdiction or by authentic act or act under private signature duly acknowledged by the obligee. LSA-C.C. art. 116.
 

 At the time the judgment was rendered by the trial court, the expense for the mortgage on Plaintiffs vehicle had not been satisfied. Although it was scheduled to be extinguished in February of 2010, it is unknown to this Court whether the obligation for the mortgage has been extinguished. As a result, we cannot find that the trial court was manifestly erroneous in including the mortgage for the vehicle in the judgment for the 24-month duration of the order. Defendant can present proof of the extinguished obligation to the trial court through a motion to modify final periodic spousal support. Therefore, this assignment of error has no merit.
 

 | ^DECREE
 

 For the foregoing reasons, we affirm the judgment of the trial court. Defendant is to bear the costs of this appeal.
 

 AFFIRMED.
 

 [1]
 

 . We are addressing this assignment of error first because Defendant refers to the alleged newly-discovered evidence as a basis for another assignment of error.