MARC E. JOHNSON, Judge.
| gPlaintiff/appellant, Clayton Faucheux, Jr., appeals the trial court’s award of final periodic spousal support to defendant, Deidre Schexnayder Faucheux. For the reasons that follow, we affirm.
On February 12, 2010, after almost 30 years of marriage, Mr. Faucheux filed a petition for divorce seeking a divorce from Ms. Faucheux under La. C.C. art. 102. The divorce was granted on January 6, 2011. Prior to the judgment of divorce, Ms. Faucheux filed a motion on incidental matters seeking exclusive use of the family home, interim spousal support, final periodic spousal support, and a temporary restraining order to prevent appellant from disposing of community assets. On January 13, 2011, the parties entered into a consent judgment wherein they agreed Ms. Faucheux would have exclusive use of the family home pending sale or partition *1122 and Mr. Faucheux would pay interim spousal support in the amount of $1,500 per month as of November 15, 2010. Additionally, as part of the interim spousal support, Mr. Faucheux was to pay the $1,000 monthly mortgage note on the home. Further, both parties were enjoined from alienating community property.
|sThereafter, on May 6, 2011, Ms. Fau-cheux filed a motion to set final periodic spousal support.[1] After a hearing, the trial court rendered judgment on June 30, 2011 finding that Ms. Faucheux was not at fault for the dissolution of the marriage and was in need of support. As. such, the trial court ordered Mr. Faucheux to pay $1,700 per month in final periodic spousal support beginning July 2011. It is from this judgment that Mr. Faucheux appeals.
On appeal, Mr. Faucheux does not challenge the trial court’s determination that Ms. Faucheux was not at fault for the dissolution of the marriage. Rather, Mr. Faucheux challenges the determination that Ms. Faucheux is in need of support and the amount of final periodic spousal support awarded by the trial court.
Once freedom from fault is established, the basic tests for the amount of spousal support are the needs of that spouse and the ability of the other spouse to pay. Noto v. Noto, 09-1100 (La.App. 5 Cir. 5/11/10), 41 So.3d 1175, 1180. The award for final periodic spousal support is governed by La. C.C. art. 112, which requires the court to consider all relevant factors including: (1) the income and means of the parties; (2) the financial obligations of the parties; (3) the earning capacity of the parties; (4) the effect of custody of children upon a party’s earning capacity; (5) the time necessary for the claimant to acquire appropriate education, training, or employment; (6) the health and age of the parties; (7) the duration of the marriage; and (8) the tax consequences to the parties. Further, under La. C.C. art. 112(C), the amount of final periodic spousal support shall not exceed one-third of the paying spouse’s net income.
Final periodic spousal support is awarded to a former spouse in need and is limited to an amount sufficient for maintenance as opposed to a continuation of an |4accustomed style of living. Dufresne v. Dufresne, 10-963 (La.App. 5 Cir. 5/10/11), 65 So.3d 749, 762. Maintenance includes food, shelter, clothing, transportation, medical and drug expenses, utilities, household necessities, and income tax liability generated by spousal support payments. Id.
The trial court is vested with great discretion in determining awards of spousal support, and these determinations will not be disturbed absent a clear abuse of that discretion. Noto, 41 So.3d at 1181.
Mr. Faucheux first argues the final periodic spousal support award impermis-sibly exceeds one-third of his net income in violation of La. C.C. art. 112. However, to make this claim, he adds a $1,000 per month mortgage payment the trial court “presupposes” he will pay to the $1,700 per month support payment he was ordered to pay for a total of $2,700 per month in support. Mr. Faucheux does not argue the $1,700 per month award alone exceeds one-third of his net income.
*1123 Prior to the award of final periodic spousal support, the parties entered into a consent judgment wherein they agreed Mr. Faucheux would pay the mortgage as part of interim spousal support. It was further agreed Mr. Faucheux would waive any claim to mortgage reimbursement from December 1, 2010 through June 30, 2011. This award for interim spousal support terminated on June 30, 2011 when the trial court awarded final spousal support. See La. C.C. art. 113.[2]
The trial court’s judgment awarding final periodic spousal support does not order Mr. Faucheux to pay the mortgage. Mr. Faucheux seems to rely on the trial court’s reasons for judgment to support his position that the final spousal support award includes $1,700 per month plus payment of the $1,000 per month mortgage |finote. In its reasons for judgment, the trial court stated that it felt an award of $1,700 per month for final spousal support was appropriate. It further noted that “this presupposes that Mr. Faucheux will continue to pay the mortgage note on the house pending partition of [the] community.”
Appeals lie from final judgments only. La. C.C.P. art. 1841. Appellate courts review the correctness of a judgment rather than the reasons for the underlying judgment. A trial coürt’s reasons for judgment, while defining the principles upon which the court is deciding a case, form no part of the official judgment signed and from which appeals are taken. Noto, 41 So.3d at 1181. Thus, in this case, the trial court’s presupposition that Mr. Faucheux would continue to pay the mortgage in its reasons for judgment forms no part of the judgment.
The judgment of final spousal support only orders Mr. Faucheux to pay $1,700 per month. Mr. Faucheux does not claim this amount exceeds one-third of his net income. There is nothing in the judgment of final periodic spousal support that orders Mr. Faucheux to pay the mortgage in addition to the $1,700 per month. Therefore, we find no merit in Mr. Faueheux’s argument that the final spousal support award totals $2,700 and, thus, exceeds one-third of his net income in violation of La. C.C. art. 112.
Mr. Faucheux next argues the trial court applied the wrong standard in determining the amount of spousal support owed. Specifically, he contends the trial court set the amount of support owed based on Ms. Faucheux’s standard of living to which she was accustomed during the marriage as opposed to the amount necessary for maintenance. It appears Mr. Faucheux bases his argument on the fact the award for final spousal support is $200 more per month than the interim support award.
|fíAs stated above, final periodic spousal support is limited to an amount sufficient for maintenance as opposed to a continuation of an accustomed style of living. Du-fresne, 65 So.3d at 762. Nothing in the record indicates the trial court applied the wrong standard.
Ms. Faucheux testified that during her 30 years of marriage, Mr. Faucheux was the provider while she took care of the *1124 home and children, who are now grown. She stated she cooked, cleaned, provided clothes, raised their two children, and cared for her mother-in-law after she was diagnosed with cancer. Ms. Faucheux’s education consists of a high school diploma and one year of college. She had a real estate license at one point during the marriage, but it has since lapsed. When the children were in grammar school, Ms. Fau-cheux worked for a Health Food Store. She later sold timeshares for a period of five years. She also helped in her husband’s successful campaign for councilman. After his election, Ms. Faucheux worked for her cousin’s Farmer’s Market, where she now works earning approximately $600 per month. According to her testimony, the last time Ms. Faucheux worked outside the home other than the Farmer’s Market was in 1998.
Ms. Faucheux testified she is financially dependent on Mr. Faucheux and cannot support herself independently. She stated she drives a 1995 BMW that has 265,000 miles on it. Ms. Faucheux explained the car is unreliable and requires expensive maintenance and repair. She indicated she has tried to buy a new car, which she believes would be cheaper than maintaining and repairing her current car, but Mr. Faucheux will not sign the title over to her. She estimated a new car would cost her approximately $300 per month. Ms. Faucheux also stated her car insurance has increased from $77.00 to $124.82 per month because she lost the multi-car discount.
|7She further testified she no longer has health insurance because she cannot afford to pay the $618.91 per month it would cost to obtain health insurance comparable to the insurance she had during the marriage. Ms. Faucheux stated her monthly prescriptions cost $187.
Ms. Faucheux submitted an income and expense statement indicating that her income was $600 per month and her expenses totaled $8,950.47 per month leaving a deficit of $3,350.47. In addition to the above-discussed expenses for a car, car insurance, health insurance, and prescriptions, Ms. Faucheux’s expense items included, among other things, the mortgage, property maintenance, utilities, food, household supplies and clothing.
 Upon review of the record, we cannot say the trial court abused its discretion in finding Ms. Faucheux was in need of final periodic spousal support. Additionally, we cannot say the trial court applied the wrong standard in setting the amount of the spousal support. While we do not review a trial court’s reasons for judgment for correctness, we note that the trial court properly stated the standard for final spousal support was to help provide the necessities of life and not to maintain the spouse in the lifestyle to which she was accustomed during the marriage. The trial court’s award shows he properly considered and applied this standard when he awarded spousal support in the amount of $1,700 per month, which was a little more than half of what Ms. Faucheux indicated her total expenses to be. This amount does not come close to maintaining Ms. Faucheux in the lifestyle to which she was accustomed during the marriage and appears to barely cover Ms. Faucheux’s basic maintenance needs.
Mr. Faucheux further contends the trial court erred in failing to consider Ms. Fau-cheux’s earning capacity in setting the amount of spousal support. He maintains the trial court erred in attributing only $600 per month in income to Ms. JjjFaucheux when the record showed she was capable of earning between $28,000 and $34,000 per year.
*1125 The parties’ earning capacity is one of several factors that must be considered in determining the amount of final spousal support owed. See La. C.C. art. 112. However, a spouse is not required to take employment of any nature immediately following divorce. Difficulty in finding employment suitable for the spouse’s age, training and ability is also a proper consideration. Falterman v. Falterman, 98-158 (La.App. 5 Cir. 1/13/99), 726 So.2d 1023, 1026.
During the 30-year marriage, Ms. Fau-eheux worked outside the home on a very limited basis. In the 1990s, she had her real estate license and worked selling timeshares during which time she earned between $28,000 and $34,000 per year. However, her real estate license had since lapsed. Ms. Faueheux testified it would take 90 hours of schooling to reinstate her license and that she does not have the means or transportation to do so. Ms. Faueheux also stated that now was not a good time to be in real estate. The trial court seemed to agree and verbally recognized the dismal state of the real estate market.
Ms. Faueheux repeatedly stated her desire to be self-sufficient. She testified she has prepared a resume and that she submitted her first job application within six months of Mr. Faueheux filing for divorce. Ms. Faueheux indicated that she has applied for several jobs with various airlines and hotels to no avail. At the time of the support hearing, Ms. Faueheux testified she had submitted four applications within the past 30 days.
Ms. Faueheux is 50 years old and has limited education and job experience. Other than helping her cousin at his Farmer’s Market, her last job outside the home was more than 12 years ago. Conversely, Mr. Faueheux consistently earns over $100,000 per year between his job and business endeavors.
| ¡¡Based on these facts, we find the trial court properly considered all relevant factors in determining the amount of final spousal support, including Ms. Fau-cheux’s earning capacity or lack thereof. The record shows Ms. Faueheux is actively seeking employment while Mr. Faueheux enjoys well-paying, stable employment. Ms. Faucheux’s job search is limited by her age, lack of experience and training, and her limited education. Additionally, contrary to Mr. Faucheux’s argument, we find no error in the trial court’s refusal to impute a salary of more than $600 per month to Ms. Faueheux at this time. Considering the fact Ms. Faueheux no.longer holds a real estate license, the time it would take her to renew it, and the state of the real estate job market and economy at this time, it would be improper to impute income based on her prior earnings in real estate more than 12 years ago.
Finally, Mr. Faueheux argues the trial court erred in failing to place a time limit on the support award and failing to consider a rehabilitative award for Ms. Faueheux. While the trial court may restrict final periodic spousal support by a term, it is not required to do so. See Voyles v. Voyles, 04-1667 (La.App. 3 Cir. 5/4/05), 901 So.2d 1204, 1207, writ denied, 05-1270 (La.12/9/05), 916 So.2d 1059.
La. C.C. art. 112 provides that the trial court “shall consider all relevant factors in determining the amount and duration of final support.” (Emphasis added.) Comment (c) to Article 112 explains that the word “duration” in the Article “permits the court to award rehabilitative support and other forms of support that terminate after a set period of time.” As noted in Guillory v. Guillory, 09-988 (La.App. 3 Cir. 2/3/10), 29 So.3d 1288, 1291, awards of final spousal support are typically not restricted by a term even though such restriction is permitted.
*1126 110We do not find an award of spousal support needs to be restricted by a term because the award of spousal support is never final. See Smith v. Smith, 08-575 (La.App. 5 Cir. 1/12/10), 31 So.3d 453, 465. An award of final periodic spousal support may be modified if the circumstances of either party materially changes and shall be terminated if it becomes unnecessary. La. C.C. art. 114. Further, the obligation is extinguished if the spouse receiving support remarries or cohabitates in the manner of a married person. La. C.C. art. 115. Thus, we find no error in the trial court’s failure to set a duration for the final periodic spousal support.
After reviewing the record, we find no abuse of the trial court’s discretion in awarding Ms. Faucheux final periodic spousal support in the amount of $1,700 per month. Accordingly, the trial court judgment finding that Ms. Faucheux has insufficient means for her support and awarding her $1,700 per month in final periodic spousal support is affirmed. Costs of this appeal are assessed to plaintiff/appellant, Clayton Faucheux, Jr.

AFFIRMED

. Ms. Faucheux’s motion also sought exclusive use of one-half of the 2010 tax refunds deposited into Mr. Faucheux’s bank account. The trial court determined this request was not properly before the court and that any rights to tax refunds would be decided in the course of the community property partition proceedings.

. La. C.C. art. 113 provides that if a claim for final spousal support is pending at the time a judgment of divorce is issued, an award of interim spousal support terminates upon a judgment denying or awarding final spousal support or 180 days from the judgment of divorce, whichever occurs first. In this case, Ms. Faucheux made a claim for final spousal support prior to the judgment of divorce. The judgment of divorce was entered on January 6, 2011. On June 30, 2011, less than 180 days from the judgment of divorce, the trial court awarded final spousal support at which time the award for interim spousal support terminated.