FREDERICKA HOMBERG WICKER, Judge.
| ^Defendants appeal the trial court’s granting of plaintiffs motion for partial summary judgment on the issues of liability and insurance coverage. For the following reasons, we find this Court lacks appellate jurisdiction as the judgment appealed is not a final, appealable judgment. We therefore dismiss this appeal and reserve to defendants the right to file an application for supervisory writ to this Court within thirty days of the date of this opinion.

*277
FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Toni G. Crayton, filed suit against defendants, Chad William Campbell and ACE American Insurance Company, for damages arising out of an August 23, 2013 motor vehicle accident. After preliminary discovery, plaintiff filed a motion for partial summary judgment on the issues of liability and insurance coverage. After a hearing on the motion, the trial judge granted plaintiffs motion, finding that defendant Chad William Campbell was solely at fault in the accident |aand that defendant ACE American Insurance Company provided liability insurance coverage on the date of the accident. Defendants appeal.

DISCUSSION

The judgment at issue in this case is a partial judgment because it disposes only of liability and coverage issues but does not address the issue of plaintiffs damages. With regard to partial summary judgments, this Court has found:
A partial judgment may be a final judgment even if it does not grant the successful party all of the relief prayed for or adjudicate all of the issues in the case. La. C.C.P. art. 1915(A). La. C.C.P. art. 1915(A) lists partial judgments that are final. That list includes a trial court grant of “a motion for summary judgment, as provided by [Louisiana Code of Civil Procedure] Articles 966 through 969, but not including a summary judgment granted pursuant to [Louisiana Code of Civil Procedure] Article 966(E).” La. C.C.P. art. 1915(A)(3).
La. C.C.P. art. 966(E) provides for the grant of summary judgments in favor of any one or more of the parties to the litigation that are “dispositive of a particular issue, theory of recovery, cause of action, or defense” even if the grant of “the summary judgment does not dispose of the entire case.”
[[Image here]]
Nevertheless, even if a partial summary judgment does not qualify as a final judgment under La. C.C.P. art. 1915(A)(3), it may still constitute a final judgment for the purpose of an immediate appeal if it is designated as a final judgment by the trial court after an express determination that there is no just reason for delay. La. C.C.P. art. 1915(B)(1). However, in the absence of such a designation, such a judgment “shall not constitute a final judgment for the purpose of an immediate appeal.” La. C.C.P. art. 1915(B)(2).
Pontchartrain Tavern, Inc. v. Johnson, 07-115 (La.App. 5 Cir. 8/28/07), 966 So.2d 1062, 1063-64.
The partial summary judgment at issue in this case does not dispose of the entire litigation, but only resolves the issues of liability and insurance coverage. Therefore, it is not a partial final judgment as contemplated by La. C.C.P. art. 141915(A).[1] Further, the trial court in this case has not designated its partial summary judgment a final judgment in accordance with La. *278 C.C.P. art. 1915(B).[2] Thus, since the judgment at issue is not a final judgment under La. C.C.P. art. 1915(A) and has not been properly designated a final judgment as provided in La. C.C.P. art. 1915(B), it is not appealable as one “in which appeals are given by law.” La. C.C.P. art. 2083(A).
Accordingly, we find the judgment appealed is not a final, appealable judgment and that this Court lacks appellate jurisdiction to consider the merits of defendants’ appeal. We therefore dismiss this appeal and reserve to defendants the right to file an application for supervisory writ within thirty days of the date of this opinion.

APPEAL DISMISSED.

. La. C.C.P. art. 1915(A) provides:
A final judgment may be rendered and signed by the court, even though it may not grant the successful party or parties all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1)Dismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors.
(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, but not including a summary judgment granted pursuant to Article 966(E).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
*278 (5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
(6) Imposes sanctions or disciplinary action pursuant to Article 191, 863, or 864 or Code of Evidence Article 510(G).

. La. C.C.P. art. 1915(B) provides:
(1) When a court renders a partial judgment or partial summary judgment or sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party, whether in an original demand, reconventional demand, cross-claim, third-party claim, or intervention, the judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.