ROBERT M. MURPHY, Judge.
12Plaintiff-appellant, Zandra Manzanares (“Plaintiff’), appeals a judgment of the trial court partially sustaining and partially denying her objection to the domestic hearing officer’s recommendations and interim order. For the reasons that follow, we find that the judgment on appeal is not a valid, final judgment. Accordingly, we dismiss this appeal without prejudice and remand the matter to the trial court for further proceedings.
PROCEDURAL HISTORY
This matter arises out of a “Petition for Partial Separation of Community Property During Marriage; Petition for Access to Community Property Funds and Income; Petition for Participation in Management of Community Property Businesses,” filed by Plaintiff on June 15,2015 against defendant-appellee, Amadeo Manzanares (“Defendant”). Plaintiff and Defendant were married on February 12, 1970, but have lived separate and apart since approximately 1990. At the time of her petition, neither Plaintiff nor Defendant had filed a petition for divorce.[1] In her original petition, Plaintiff asserted several claims, including claims for spousal support, partial partition of the community property, an accounting/inventory of community property, and access to her one-half interest in |sthe community property due to Defendant’s alleged mismanagement of the community property.
On August 5, 2015, the hearing officer issued recommendations and an interim order, denying Plaintiffs requests for relief based upon the hearing officer’s determination that Plaintiff was not entitled to such relief where neither Plaintiff nor Defendant had filed a petition for divorce. *477 On August 10, 2015, Plaintiff filed an objection to the hearing officer’s recommendations and interim order, which was heard by the trial court on September 9, 2015.
The trial court issued a judgment on September 11, 2015, partially sustaining and partially denying Plaintiffs objection to the hearing officer’s recommendations and interim order. Specifically, the trial court remanded Plaintiffs claim for spousal support to the hearing officer,-,after finding that she is entitled to seek spousal support without filing for divorce;' ordered Plaintiffs claim for mismanagement of community property to be heard by the trial court at a later date; and. held that the trial court was without authority to consider her claims for an accounting of community property and for a partial partition, where the parties had not filed a petition for divorce.
On November 1, 2015, Plaintiff filed a motion for devolutive appeal of the September 11, 2015 judgment, which the trial court subsequently granted. In Plaintiffs appeal, she solely challenges the’ á'spect of the September 11, 2015 judgment that denied her claim for an accounting of the community property.
LAW AND ANALYSIS
This Court cannot determine the merits of an appeal unless our jurisdiction is properly invoked' by a valid final judgment. Input/Output Marine Sys. v. Wilson Greatbatch Techs,, Inc., 10-477 (La.App. 5 Cir 10/29/10), 52 So.3d 909, 915. La. C.C.P. art.1915(B) provides, in pertinent part:
|4(1) .When a court renders a partial judgment ... as to one or more but less than all of the claims, demands, issues, or theories against a party ... the judgment shall not constitute a final judgment unless it is designated as - a final judgment by the court after an express determination that there is no just reason for delay.
(2) In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to the rendition of the judgment adjudicating all the claims and the rights and liabilities of the parties.
Upon review of the record, we find that the judgment appealed is not a valid, final judgment and, therefore, this Court lacks jurisdiction to consider the merits of Plaintiffs appeal. While the September 11, 2015 judgment denied Plaintiffs claims for an accounting of the community property and for a partial partition, it did not dispose of all of the claims asserted in her petition. Specifically, the judgment remanded Plaintiffs claim for spousal support to be heard by the hearing officer, and ordered her claim for mismanagement of community property to be heard by the trial court at a later date.
Since the trial court rendered a partial judgment as to less than all of the claims asserted by Plaintiff, and the judgment has not been designated as a final judgment by the trial court after an express determination that there is no just reason for delay, the September 11, 2015 judgment is not a final judgment under Lá. C.C.P. art. 1915, and is not appealable as one “... in which appeals are given by law” under La. C.C.P. art. 2083. Claiborne Medical Corp. v. Siddiqui, 12-759 (La.App. 5 Cir. 2/28/13), 113 So.3d 1109, 1112 (citing Laviolette v. Dubose, 07-916 (La.App. 5 Cir. 3/25/08), 983 So.2d 160, 162).
Accordingly, we. dismiss this appeal without prejudice and remand the matter to the trial court for further proceedings.

*478
APPEAL DISMISSED: CASE REMANDED

. Since the lodging of the instant appeal, the trial court record for this matter indicates that on February 12, 2016, Plaintiff filed a "Petition for La. C.C. art. 103(1) Divorce and Determination of Incidental Matters.”