894 So.2d 499 (2005)
Ted E. WARD, Jr.
v.
Susan Melanson WARD.
No. 04-CA-803.
Court of Appeal of Louisiana, Fifth Circuit.
January 25, 2005.
*500 Joel A. Levy, Marrero, LA, for Plaintiff/Appellant.
Harry T. Hardin, III, Harvey, LA, for Defendant/Appellee.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
MARION F. EDWARDS, Judge.
Plaintiff/Appellant, Ted Ward, appeals from an award of permanent alimony made to his former wife, Susan Ward. For the following reasons, the judgment of the trial court is affirmed.

FACTS AND PROCEDURAL HISTORY
Appellant, Ted Ward ("Mr.Ward"), and appellee, Susan Melancon Ward ("Ms.Ward"), were married on May 13, 1978 in Florida, and subsequently established a matrimonial domicile in Jefferson Parish. Two children were born of the marriage. On June 4, 2003, Ted Ward filed for divorce, pursuant to La. C.C. Art. 103, in the Twenty Fourth Judicial District Court for the Parish of Jefferson. On July 18, 2003, Susan Ward filed an Answer To Petition For Divorce in which she alleged that Ted Ward had abandoned the matrimonial domicile in August 2002, and that she was free from fault in the breakup of the marriage.
The Wards were granted a divorce on September 18, 2003. Susan Ward thereafter filed a Rule To set Hearing on Final Permanent Spousal Support on October 29, 2003. After a hearing on February 2, 2004, the court ordered Ted Ward to pay Susan Ward permanent spousal support in the amount of $335.00 per month and rehabilitative support in the amount of $250.00 per month. Mr. Ward timely filed the present appeal.

LAW AND ARGUMENT
On appeal, Mr. Ward raises two assignments of error: 1) that the trial court *501 abused its discretion in awarding support without Ms. Ward proving her freedom from fault, and; 2) the trial court abused its discretion in awarding support that exceeded the expenses of the recipient.
In regard to periodic support between spouses, LSA-C.C. Art. 111 provides:
In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles. [Emphasis added.]
In his first assignment of error, Mr. Ward asserts that Ms. Ward did not introduce any evidence of her freedom from fault, and therefore is not entitled to permanent periodic support. This Court has previously held that "legal fault", which will preclude support, consists of serious misconduct, which is a cause of the marriage's dissolution. "Fault" which will preclude support contemplates conduct or substantial acts of commission or omission by spouse violative of his or her marital duties or responsibilities.[1]
In the case of Claytor v. Claytor,[2] this Court noted:
. . . [t]here are instances where the claiming spouse makes a prima facie case by showing that the other party was at fault in the break-up of the marriage; thereafter the burden shifts to that party to show the claiming party was also at fault. See Lagars v. Lagars, 491 So.2d 5 (La.1986). There the non-adultress claimant spouse was held to be entitled to permanent alimony unless the other spouse could show she was also at fault in the break-up of the marriage. In Hawkins v. Hawkins, 485 So.2d 543 (5th Cir.1986) this court held that where the claimant spouse proved abandonment by the non-claimant spouse, the burden of going forward with the evidence shifted to the non-claimant spouse to present evidence which established fault as to the claimant spouse. See also Rouprich v. Rouprich, 397 So.2d 1257 (La.1981).
The record in this case shows that the only evidence of fault introduced at trial of this matter was testimony by Ms. Ward that Mr. Ward had been living with another woman prior to the time that their divorce was granted, and she attributed this fact to the breakup of their marriage. Although counsel for Mr. Ward specifically raised the issue of Ms. Ward's fault at the hearing, no evidence of her fault was introduced by Mr. Ward at that time. After a review of the record, specifically in light of evidence presented regarding Mr. Ward's fault leading to the breakup of the marriage, and in accordance with our holding in Claytor, supra, we can not say that the trial court abused its discretion in finding that Ms. Ward was free from fault, sufficient to satisfy the requirement of LSA-C.C. Art. 111.
In his second assignment of error, Mr. Ward contends that the trial court abused its discretion in awarding support that exceeded the expenses of the recipient.
LSA-C.C. Art. 112 further requires the court to consider certain relevant factors in making a determination of final periodic support, specifically:
(1) The needs of the parties.
(2) The income and means of the parties, including the liquidity of such means.

*502 (3) The financial obligations of the parties.
(4) The earning capacity of the parties.
(5) The effect of custody of children upon a party's earning capacity.
(6) The time necessary for the claimant to acquire appropriate education, training, or employment.
(7) The health and age of the parties.
(8) The duration of the marriage.
(9) The tax consequences to either or both parties.
Post divorce alimony is awarded to a former spouse who is in need and such award is limited to an amount sufficient for maintenance, as opposed to continuing an accustomed style of living.[3]
At the time of trial, Ms. Ward was employed by West Jefferson Medical Center, working thirty hours a week for $6.00 an hour. Her financial statement, which was submitted into evidence, indicated that Ms. Ward's total monthly expenses were calculated to be $1,400.00, a sum that included expenses for her children. Ms. Ward testified that her itemized expenses did not include health insurance because she could not afford it. After hearing testimony, the trial court awarded Ms. Ward $335.00 a month in permanent alimony and $250.00 a month in rehabilitative support. The court further ordered that Ms. Ward had four years to obtain a GED, further her training, and obtain full time employment.
In a Note of Evidence submitted pursuant to an order of the court after trial, Ms. Ward submitted that she had seen an increase in living expenses, specifically: $91.00 in automobile insurance, and $82.20 a month for medical insurance coverage.
Mr. Ward argues that should this Court find that Ms. Ward is not underemployed, then the calculation of her $780.00 per month income combined with $407.00 in child support would only leave Ms. Ward with a shortfall of $213.00 per month. Ward therefore concludes that the court's award of $335.00 is excessive.
The trial court is vested with great discretion in making post divorce alimony determinations and its judgment as to whether the spouse has insufficient means for support will not be disturbed absent a manifest abuse of discretion. Nevertheless, the spouse claiming permanent periodic alimony has the burden of proving necessitous circumstances or insufficient means for his or her maintenance.[4]
After a review of the record, we can not say that the trial court abused its discretion in making its award of permanent alimony to Ms. Ward. Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] Simon v. Simon, 96-876 (La.App. 5 Cir. 5/14/97) 696 So.2d 68.
[2] 540 So.2d 609, (La.App. 5 Cir.1989).
[3] Carr v. Carr, 33-167 (La.App. 2 Cir. 4/5/00), 756 So.2d 639, 643.
[4] Bowes v. Bowes, XXXX-XXXX (La.App. 4 Cir. 8/15/01), 798 So.2d 996.