# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 06-245

BRIGGITTE YVETTE ARDOIN

VERSUS

BRIAN CRAIG ARDOIN

**********
APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, DOCKET NO. 66079
HONORABLE J. LARRY VIDRINE, DISTRICT JUDGE
**********

## SYLVIA R. COOKS
### JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy H. Ezell, Judges.

Peters, J., concurring in part and dissenting in part and assigns written reasons.

**AFFIRMED.**

Shelley A. DeVille
P.O. Box 716
Ville Platte, LA  70586
(337) 363-0707
COUNSEL FOR PLAINTIFF/APPELLEE:
    Briggitte Yvette Ardoin


Alisa Ardoin Gothreaux
2311 W. St. Mary Blvd.
Lafayette, LA  70506
(337) 654-0935
COUNSEL FOR DEFENDANT/APPELLANT:
    Brian Craig Ardoin

**COOKS, Judge.**

This appeal involves the trial court's award of $250.00 to the ex-wife in permanent spousal support. Finding no abuse of discretion in the trial court's award, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Briggitte Yvette Ardoin and Brian Craig Ardoin were married on March 10, 1989. One child, Jenna Paige Ardoin, was born during the marriage. The marriage was terminated by a judgment of divorce rendered in the district court on March 4, 2005. Prior to the judgment of divorce, Briggitte and Brian entered into a consent judgment in November 2004. The consent judgment provided for joint custody of the minor child, with Briggitte designated domiciliary parent and Brian granted visitation on alternating weekends and certain specified periods during the summer. Brian was to provide Briggitte at least seventy-two hours advance notice if he was unable to exercise his visitation privileges.

Brian also was ordered in the consent judgment to pay Briggitte $685.15 for child support and an additional $234.55 per month in temporary spousal support. Further, Brian consented to pay for and attend two counseling sessions with a licensed professional counselor. The parties were to maintain health insurance on the minor child, with Brian responsible for seventy-one percent and Briggitte twenty-nine percent of the cost of insurance and non-covered medical expenses. The consent judgment also ordered the parties to refrain from speaking derogatorily about the other in the presence of the minor child.

The parties also agreed to a community property partition. In the partition, Briggitte received the community home, Chrysler Sebring automobile and household furnishings. Briggitte assumed the debt for the house, car, community loans and

credit cards. Brian received the Chevrolet pickup, a boat, a four-wheeler, a hunting collection and a computer. Brian assumed the note on the boat, four-wheeler, truck and computer.

Briggitte subsequently filed a motion before the district court seeking an increase in child support, permanent spousal support, and that Brian be held in contempt for not complying with various provisions of the consent judgment.

After a hearing on the motion, the trial court found both parties received increases in their monthly compensation since the consent judgment. Calculating the increases under the guidelines for Louisiana child support, the trial court ordered Brian to pay $705.00 a month in child support. The trial court also found Briggitte "free of significant fault" in causing the breakup of the marriage and awarded her $250.00 per month as permanent spousal support. The trial court did not find Brian in contempt of the consent judgment but did place him on notice that the court would "not tolerate non compliance with the provisions of the Consent or Stipulated Judgment." Brian appealed the portion of the trial court's judgment awarding Briggitte permanent spousal support.

**ANALYSIS**

The award of alimony after divorce is governed by La.Civ.Code articles 111 and 112, which provide in pertinent part:

**Art. 111.    Spousal support; authority of court**

In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of that party and the ability of the other party to pay, in accordance with the following Articles.

**Art. 112.    Determination of final periodic support**

A. The court must consider all relevant factors in determining the

entitlement, amount, and duration of final support. Those factors may include:

(1) The needs of the parties.

(2) The income and means of the parties, including the liquidity of such means.

(3) The financial obligations of the parties.

(4) The earning capacity of the parties.

(5) The effect of custody of children upon a party's earning capacity.

(6) The time necessary for the claimant to acquire appropriate education, training, or employment.

(7) The health and age of the parties.

(8) The duration of the marriage.

(9) The tax consequences to either or both parties.

B. The sum awarded under this Article shall not exceed one-third of the obligor's net income.

The initial consideration in determining if a claimant is entitled to permanent spousal support is whether he or she is free from fault in causing the breakup of the marriage. La.Civ.Code art. 111. Brian does not argue in his brief that the trial court erred in finding Briggitte free from fault; therefore that issue is not before us. Once the lack of fault is established, the basic tests for the amount of spousal support are the needs of that spouse and the ability of the other spouse to pay. *Knowles v. Knowles*, 02-331 (La.App. 3 Cir. 10/2/02), 827 So.2d 642.

In his brief, Brian argues that permanent spousal support is "simply not warranted by the numbers." He contends the evidence produced at the hearing indicates Briggitte makes an income, when combined with the child support, that is "more than sufficient to meet both she [sic] and the child's needs." The evidence submitted at trial does not support Brian's contention.

Briggitte's W-2 statement was entered into evidence, which showed she earned a net pay of $1,508.98 per month. Briggitte testified and produced monthly statements that established she incurred $1,755.63 in monthly expenses. This results in a deficit of $246.65 between Briggitte's earnings and expenses. This evidence is undoubtedly what the trial court relied upon in rendering its award of $250.00 in permanent spousal support.

The trial court also noted in its reasons for judgment that Brian received an increase in pay. Although Brian argues in brief that he will only gross $49,000.00 in 2005, that figure is not supported by the payroll records submitted into evidence. For the first three months of 2005, the payroll records from Brian's employer demonstrate that he earned $15,436.00 in gross income. As Brian testified he expected he would continue to make the same amount of money for the remainder of 2005, this projects to a yearly salary of $61,744.00. After his child support obligation is deducted, Brian's monthly net income is in excess of $3,000.00. The record indicates Brian's monthly expenses amount to approximately $2,500.00, which includes the payment of notes on a boat and a four-wheeler. The record does not support Brian's argument that he has greater expenses than income.

We also note the parties agreed in the consent judgment that Briggitte was entitled to $234.55 in temporary spousal support to satisfy her basic household expenses and monthly recurring debts. Now on appeal, Brian asserts Briggitte is not in need of *any* spousal support. However, Brian has not alleged any change in circumstances since the consent judgment that would indicate Briggitte is no longer in need of spousal support other than his insistence that his child support payment should be used as a dollar-for-dollar setoff against Briggitte's entitlement to spousal support. The trial judge obviously refused to employ Brian's rigid setoff formula.

"The trial court is vested with great discretion in making alimony determinations, and its judgment will not be disturbed absent a manifest abuse of discretion." *Goodnight v. Goodnight*, 98-1892 p. 7 (La.App. 3 Cir. 5/5/99), 735 So.2d 809, 814. We find nothing in the record to indicate the trial court's award of $250.00 per month in permanent alimony was an abuse of its discretion.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Brian Craig Ardoin.

**AFFIRMED.**

NUMBER 06-245

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

BRIGGITTE YVETTE ARDOIN

VERSUS

BRIAN CRAIG ARDOIN

PETERS, J., concurring in part and dissenting in part.

While I concur in the majority's affirmation of the trial court's award of permanent spousal support, I respectfully disagree with the majority's affirmation of the amount of the award, $250.00, to Mrs. Ardoin. My review of the record causes me to conclude that Mr. Ardoin's request for a decrease has merit.

As pointed out by the majority, Mrs. Ardoin's net monthly income from her employment was found by the trial court to be $1,508.98, and she testified to total monthly expenses of $1,755.63. Were that the end of the inquiry, I would agree that the trial court award should be upheld. However, the trial court also awarded Mrs. Ardoin $705.00 per month as support for the minor child born of the marriage. Thus, the combined trial court awards gave Mrs. Ardoin $2,213.98 in total available monthly income for her support and the support of her child.

The child support award was decided strictly on La.R.S. 9:315.19 and, based on the table found in that statute, represents seventy-one percent of the monthly cost of raising the child. Absent extraordinary expenses, use of the table to set child support requires nothing more than evidence of the combined adjusted monthly gross income of the parents. That is to say, issues such as cost of housing, clothing, transportation, and education are simply incorporated into the calculations which comprise the table. The problem I find with the award to Mrs. Ardoin is that the

expenses she presented to the trial court in support of the permanent spousal support award overlap with the expenses already incorporated into the child support award. These expenses include specifically maintaining a home for the child ($546.65, which includes house note, telephone, water, and electricity), transportation costs ($611.16, which includes the car note, insurance, and gas), and health insurance for the child ($123.07).

The majority places significant emphasis on the fact that the parties had previously entered into a consent decree wherein Mr. Ardoin agreed to pay $234.55 in interim spousal support. However, the award at issue is not interim spousal support, but *permanent* spousal support. The trial court may award interim spousal support "based on the needs of that party, the ability of the other party to pay, *and the standard of living of the parties during the marriage*." La.Civ.Code art. 113 (emphasis added). The "standard of living" criterion does not apply to permanent spousal support. Rather, permanent spousal support is strictly "based on the needs of that party and the ability of the other party to pay." La.Civ.Code art. 111.

The trial court award allows Mrs. Ardoin double recovery and provides for an award that exceeds her "needs." Thus, in my opinion, the trial court abused its discretion in awarding Mrs. Ardoin $250.00 per month. To prevent this double recovery, I believe we must consider and deduct from Mrs. Ardoin's total expenses the proportionate cost of those expenses covered by the child support award. Neither litigant made any effort to do so. However, the complete record is before us, and I would reduce the award to correspond with the evidence presented.

Even assuming that housing and transportation expenses were divided such that seventy-five percent of the amount paid monthly in these categories was credited to

2

Mrs. Ardoin, her share of those expenses would be $952.30 [(0.75 x $1,157.81) + (0.29 x 0.25 x 1,157.81)]. That would reduce her direct personal expenses to $1,550.12. Additionally, the daughter's health insurance is definitely factored into the child support. Thus, she is responsible for only $35.69 of that amount (0.29 x 123.07). This would reduce her personal expenses to $1,514.43, to be balanced against her net income of $1,508.98. The record is not clear whether the other basic monthly expenses for items such as groceries and clothing include costs for the child, but giving Mrs. Ardoin the benefit of the doubt, her personal expenses barely exceed her monthly income.

Given the record before me, I would find that any spousal support award exceeding $75.00 per month would be an abuse of discretion. This does not leave Mrs. Ardoin without a remedy when the child reaches the age of majority, as she can avail herself of the provisions of La.Civ.Code art. 114 and seek an increase based on the material change of circumstances.

I would affirm the judgment awarding spousal support, but would amend the award by reducing it to $75.00 month.

3