MARION F. EDWARDS, Chief Judge.
|2The issue before this Court in this appeal involves permanent spousal support after divorce. The parties, Robbie Parker *419 McMullen (“Mrs. McMullen”) and Robert McMullen (“Mr. McMullen”), were married on August 3, 1991. On January 30, 2009, Mrs. McMullen filed a petition for divorce, citing La. C.C. arts. 102 and 103.1.[1] In that petition, Mrs. McMullen alleged the parties physically separated on January 14, 2009 when Mr. McMullen moved out of the family home. In his answer and reconventional demand, Mr. McMullen agrees with this allegation.
In February of 2009, the parties entered into an interim consent judgment setting forth child custody and support obligations. In conjunction with that judgment, the parties filed a “Shared Obligation Worksheet,” showing that Mrs. McMullen’s monthly income was $1,068 and Mr. McMullen’s was $6,700. Based on that presentation, the trial court assessed each party’s child support obligation.
|aThe community existing between the parties was terminated effective January 30, 2009 by an order of the trial court dated August 14, 2009. On April 6, 2010, the trial court signed a judgment of divorce based on the provisions of La. C.C. art. 102. That judgment also reserved the parties’ rights to bring other actions arising from the marriage and ordered that all “previous orders regarding incidental matters remain in effect until further orders of this court.”
On May 18, 2010, the trial court rendered a judgment on the issue of final periodic support sought by Mrs. McMul-len. The trial court judgment indicates a trial was heard on the request by Mrs. McMullen on May 10, 2010, after which Mr. McMullen requested an involuntary dismissal of Mrs. McMullen’s request for failure to sustain her burden of proof. Mr. McMullen’s request was granted and the involuntary dismissal of Mrs. McMullen’s claim was granted. Mrs. McMullen appeals that judgment.
The transcript of the April 6, 2010 divorce hearing is contained in the record. At the start of the proceeding, the parties agreed that the issue of final periodic support, as well as custody, child support, and visitation, would be continued to May 10, 2010. An agreement between the parties on community property was read into the record and confirmed by both parties. During Mrs. McMullen’s testimony, she expressed her desire to have incidental matters, including final spousal support, litigated on “May 10th at 1 p.m.”
On May 10, 2010, Mrs. McMullen testified that she is a pre-school teacher earning about $12,000 to $14,000 annually. Since the separation from her husband, she went back to school to further her education. She is attending ITT Technical Center studying computer drafting and design. She still has one year to complete the program, after which she expects to get some assistance getting a job. To finance her education, Mrs. McMullen has taken out two loans totaling about |4$11,000. In support of her testimony, Mrs. McMul-len introduced a document from her employer, Joan’s Day Care and Preschool, L.L.C., into the record showing her annual income was about $14,000.
*420 Mrs. McMullen further testified that, during the marriage, her husband paid most of the bills. She stated that Mr. McMullen earned about $100,000 the previous year. Mrs. McMullen also testified that she is not at fault in the breakup of the marriage. She explained that Mr. McMullen was both physically and mentally abusive, and she was frightened of him. He has thrown things at her on occasion. One day, after a fight, Mr. McMullen left the couple’s home and moved out of the family home and has not returned.
At the end of Mrs. McMullen’s testimony, Mr. McMullen moved for an involuntary dismissal of the motion for spousal support on the basis that she did not meet the burden of proof. Mr. McMullen argued that no documentation was presented to support Mrs. McMullen’s testimony of her need or Mr. McMullen’s ability to pay, and there was no proof that she was not at fault in the breakup of the marriage. At the end of the arguments by both parties, the trial court granted the motion for involuntary dismissal. It does not appear that any other matters set for hearing that day were considered.

LAW AND ANALYSIS

Mrs. McMullen assigns two errors for our review. First, she argues that the trial judge erred in granting the involuntary dismissal because the matter was not properly set before the trial court. She also argues that she met the burden of proof necessary to support her demand for permanent spousal support.
We find no merit in Mrs. McMullen’s first argument. It is clear from her testimony that she fully intended to litigate the issue of final spousal support in the |sMay 10, 2011 hearing. That issue was properly before the trial court, and the trial judge did no err in considering and ruling on the issue.
La. C.C. art. 112(A) provides that if a spouse is not at fault and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support. Thus, a spouse seeking permanent support has the burden of proving that she is without fault in causing dissolution of the marriage, is in necessitous circumstances, and is in need of support.[2]
Prior to the repeal of La. C.C. art. 138, fault was determined by analogy to the grounds for separation in that article, which included adultery, habitual intemperance, excesses, cruel treatment or outrages, making living together insupportable, and abandonment.[3] While the trial judge in the matter before us did not make a factual determination on fault, it is clear from the petition for divorce and the answer thereto, that the husband admits moving out of the family home. Further, he made no allegations of fault against his wife. Therefore, we find Mrs. McMullen has met her burden of proof that she is not at fault in the breakup of the marriage.
The income of each of the parties was proven in the record with the joint worksheet submitted by the parties for purposes of calculating child support and interim spousal support. The record also contains a descriptive list of assets and liabilities of the community for the purposes of settling the community property issues.
| fiHowever, there was no evidence presented to show that Mrs. McMullen is in necessitous circumstances as required *421 by La. C.C. art. 112. The spouse claiming permanent alimony has the burden of proving necessitous circumstances or that he or she has insufficient means for support.[4] In making an alimony determination, a court considers the expenses required to procure the basic necessities of life, such as food, shelter, and clothing. Also included in the determination are reasonable and necessary automobile expenses, medical and drug expenses, utilities, and household expenses.[5]
The trial court found that this essential element of La. C.C. art. 112 was not proven. We agree. A trial court is vested with great discretion in making alimony determinations, and its rulings should not be disturbed unless the appellate court finds an abuse of sound discretion.[6] A trial court’s discretion in granting alimony may be disturbed when there has been a clear abuse of this discretion or manifest error in the factual determinations. After reviewing the record, briefs and applicable law in this case, we find no such abuse of discretion or manifest error by the trial court in its judgment.
Accordingly, the judgment on appeal is affirmed, and the matter is remanded for further proceedings.

AFFIRMED AND REMANDED

. La. C.C. art. 102 provides:
Except in the case of a covenant marriage, a divorce shall be granted upon motion of a spouse when either spouse has filed a petition for divorce and upon proof that the requisite period of time, in accordance with Article 103.1, has elapsed from the service of the petition, or from the execution of written waiver of the service, and that the spouses have lived separate and apart continuously for at least the requisite period of time, in accordance with Article 103.1, prior to the filing of the rule to show cause.
The motion shall be a rule to show cause filed after all such delays have elapsed.

. Skannal v. Skannal, 25,467, 26,030 (La.App. 2 Cir. 1/19/94), 631 So.2d 558, writ denied, 94-0697 (La.5/13/94), 637 So.2d 1067.

. Allen v. Allen, 94-1090 (La. 12/12/94), 648 So.2d 359, 362.

. Anderson v. Anderson, 98-675 (La.App. 5 Cir. 3/10/99), 732 So.2d 537, 539 (citations omitted).

. Id.

.Falterman v. Falterman, 98-158 (La.App. 5 Cir. 1/13/99), 726 So.2d 1023, 1025-26 (citations omitted).