WEIMER, J.,
concurring.
hi agree with the majority’s conclusion that homeschooling may be considered as a factor that has a bearing on a former spouse’s need for final periodic support. However, because of the procedural posture of this case, I write separately to address the burden of proof going forward. Because this court is remanding rather than itself determining whether the district court’s previous award (which disregarded homeschooling) should be amended, I emphasize that homeschooling is not the only factor to be evaluated on remand, nor is homeschooling the overriding consideration to be evaluated on remand.
The overriding consideration as it concerns a movant, when deciding whether to award the movant final periodic support, is whether the movant “is in need of support.” La. C.C. art. 112(A).
In Dina’s argument to this court, she strenuously urges that “her homeschooling responsibilities prevent her from getting a job in order to fully support herself.” In my view, nothing in the majority’s opinion accepts or rejects this argument. Instead, the majority correctly holds the district court “must consider all relevant factors in determining final support.” Rhymes v. Rhymes, 13-0828, (La.10/15/13), 125 So.3d 377, 382, 2013 WL 5788760.
| ^Therefore, on remand, although the district court must now consider the effect of homeschooling on Dina’s need for support, the district court is not bound to limit the inquiry as Dina framed it to this court. Dina has solely emphasized her homeschooling duties, claiming those duties preclude the possibility of any earnings from her training as a mechanical engineer. The district court is charged with taking a more expansive viéw. In evaluating Dina’s claimed need for support, the court is bound to reconsider all relevant factors, assigning whatever weight in its sound discretion the court deems appropriate to each factor. See La. C.C. art. Ill, Revision Comment (b) (“Article 112 ... provides the standards to be followed in making final awards.... [T]he court must consider all relevant factors, which may include any of the nine factors listed in that Article.”) (Emphasis added.); see also Hogan v. Hogan, 549 So.2d 267, 271 (La.1989) (“[A] trial court’s alimony ... order will not be reversed except for abuse of discretion.”).
*384 As the movant, Dina ultimately bears the burden of proving her need under La. C.C. art. 112. See, e.g., McMullen v. McMullen, 11-220, p. 5 (La.App. 5 Cir. 12/13/11), 82 So.3d 418, 420, citing Skannal v. Skannal, 25,467, 26,030 (La.App. 2 Cir. 1/19/94), 631 So.2d 558 (“[A] spouse seeking permanent support has the burden of proving that she ... is in necessitous circumstances, and is in need of support.”).
In conclusion, I respectfully concur with vacating the judgments of the lower courts inasmuch as homeschooling was not properly factored in the determination of Dina’s need and, likewise, I concur with the remand. I write separately to provide further guidance to the district court on the burden of proof on remand, as described above.