# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 15-611

LARRY WALTER BAXLEY

VERSUS

PAULETTE D. COBURN BAXLEY

**********

APPEAL FROM THE
THIRTY-FIFTH JUDICIAL DISTRICT COURT
PARISH OF GRANT, DOCKET NO. 22920
HONORABLE WARREN D. WILLETT, PRESIDING
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of Sylvia R. Cooks, Jimmie C. Peters and Marc T. Amy, Judges.

AFFIRMED.

Scott M. Prudhomme
457 Second Street
Colfax, LA 71417
(318) 664-6129
**ATTORNEY FOR APPELLANT**
   Larry Walter Baxley

William D. Dyess
The Dyess Law Firm
870 West Main Street
P.O. Drawer 420
Many, LA 71449
(318) 256-5667
**ATTORNEY FOR APPELLEE**
   Paulette D. Coburn Baxley

**COOKS, Judge.**

In this appeal, Larry Walter Baxley contends the trial court manifestly abused its discretion in awarding his ex-wife, Paulette D. Coburn Baxley, $850.00 per month in final spousal support. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

Larry Walter Baxley and Paulette D. Coburn Baxley were married on August 31, 1990. They separated on or about October 4, 2013, and a petition for divorce was filed by Larry on October 10, 2013. A hearing was held on December 10, 2013, at which time it was ordered that Paulette vacate the marital home by December 30, 2013. A judgment of divorce was signed by the trial court on May 27, 2014.

Various matters incidental to the divorce were filed by both parties. On March 13, 2014, Larry filed a Rule for Contempt alleging that Paulette damaged the marital home. On August 12, 2014, a Petition for Partition of Community Property and a Motion to Compel Return of Separate Property were filed by Larry. On September 17, 2014, a Rule for Final Spousal Support was filed by Paulette. On September 26, 2014, Larry filed a Detailed Descriptive List, and on October 13, 2014, he filed a Rule to Show Cause to have Detailed Descriptive List Accepted. A hearing on these filings incidental to the divorce was held on December 2, 2014.

On December 23, 2014, the trial court issued written reasons for judgment. Ruling on the Motion to Compel Return of Separate Property, the trial court ordered Paulette to return the following items: Keys to a 1999 Ford Escort, a blue antique candy bowl, a cracklin frying pot, an antique cast-iron iron, and certain tools. On the Rule for Final Spousal Support, the trial court ordered Larry to pay Paulette permanent periodic spousal support in the amount of $850.00 per month

until her remarriage or death. The trial court also declared the Detailed Descriptive List to be a judicial determination of the community assets and liabilities. Lastly, on the Rule for Contempt the trial court ordered Paulette to reimburse Larry $2,250.00 for the cost of cleaning and repairing the home.

Larry has appealed the portion of the trial court's judgment ordering him to pay $850.00 per month in final spousal support. He asserts the following assignments of error:

1. The trial court committed error in finding that the spousal support claimant was not required to prove that the spousal support payor had the ability to pay final periodic spousal support, an essential element of the cause of action.

2. The trial court committed error by taking judicial notice, on its own motion and after the close of evidence, of a Verified Income and Expense Statement, submitted in connection with a prior cause of action and not offered or introduced into evidence in the present cause of action.

## ANALYSIS

Louisiana Civil Code Article 111 provides authority for a trial court's award of final periodic spousal support to a party "who is in need of support and who is free from fault" in the dissolution of the marriage.[1] Louisiana Civil Code Article 112(A) governs how such a determination is to be made by a trial court and provides that "[w]hen a spouse has not been at fault prior to the filing of a petition for divorce and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic

---

[1] Louisiana Civil Code article 111 provides:

> In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage in accordance with the following Articles.

support" in accordance with La.Civ.Code art. 112(C).[2] The burden of proving freedom from fault is on the party seeking final periodic spousal support. *Rusk v. Rusk*, 12-176 (La.App. 3 Cir. 6/6/12), 102 So.3d 193 (citing *McMullen v. McMullen*, 11-220 (La.App. 5 Cir. 12/13/11), 82 So.3d 418). A trial court's finding on the issue of fault is subject to the manifest error standard of review on appeal. *Id.*

---

[2] Louisiana Civil Code Article 112, as amended by 2014 La. Acts No. 316, § 1, effective August 1, 2014, provides:

A. When a spouse has not been at fault prior to the filing of a petition for divorce and is in need of support, based on the needs of that party and the ability of the other party to pay, that spouse may be awarded final periodic support in accordance with Paragraph C of this Article.

B. When a spouse has not been at fault prior to the filing of a petition for divorce and the court determines that party was the victim of domestic abuse committed during the marriage by the other party, that spouse shall be awarded final periodic support or a lump sum award, at the discretion of the court, in accordance with Paragraph C of this Article.

C. The court shall consider all relevant factors in determining the amount and duration of final support, including:

1) The income and means of the parties, including the liquidity of such means.

2) The financial obligations of the parties including any interim allowance or final child support obligation.

3) The earning capacity of the parties.

4) The effect of custody of children upon a party's earning capacity.

5) The time necessary for the claimant to acquire appropriate education, training, or employment.

6) The health and age of the parties.

7) The duration of the marriage.

8) The tax consequences to either or both parties.

9) The existence, effect, and duration of any act of domestic abuse committed by the other spouse upon the claimant, regardless of whether the other spouse was prosecuted for the act of domestic violence.

D. The sum awarded under this Article shall not exceed one-third of the obligor's net income; however, where support is awarded pursuant to Paragraph B of this Article, the sum awarded may exceed one-third of the obligor's net income.

The record establishes, and Larry does not argue, that Paulette carried her burden of proving she was in need of support and free from fault in the dissolution of the marriage. The trial court's written reasons for judgment provided:

> Paulette's needs are clear, she is currently dependent upon government assistance for both housing and food, the remainder of her needs are met by her two children. Paulette's testimony demonstrated that she has several expenses and limited means with which to meet those expenses. Paulette testified that she receives two hundred and seventy two ($272.00) dollars each month from Social Security. Testimony at trial revealed the following expenses:
>
> | | |
> |---|---|
> | Housing | $486 |
> | Utilities | $125 |
> | Phone | $ 39 |
> | Medicaid | $104 |
>
> Paulette also testified that she has various medical bills, however the Court did not receive an exact[] monthly sum. Paulette also indicated she has butane and automotive expenses, but did not clearly indicate the amount of the expenses. Currently, Paulette testified that her two children are providing her with financial support.

Thus, we find Paulette clearly met her burden on these issues.

In his first assignment of error, Larry argues the record was devoid of any evidence of his ability to pay support, and the trial court manifestly erred in making an award of support lacking this proof. We disagree and find the record contained evidence of Larry's ability to pay. In its written reasons for judgment, the trial court addressed this issue, stating:

> [T]here is evidence in the record that provides the Court with a general indication of Larry's ability to pay support. According to a Verified Income and Expense Statement, signed by Larry and filed on December 9, 2013, Larry receives three thousand six hundred and fifty five ($3,655) dollars in gross monthly income. Two thousand nine hundred and seventy three dollars of that gross monthly income is received from VA Disability Benefits. During the trial, Larry testified that he is still disabled and receiving benefits, however the current amount was not stated. No evidence was presented that Larry's income has changed substantially from the date of filing of the Verified Income and Expense Statement. (Footnote omitted.)

We note, as Larry points out, the trial court erred in stating that Larry testified as to his disability and receipt of benefits. Larry did not provide any testimony as to his ability to pay. However, Paulette provided testimony on that issue:

Q. Explain to the Court your understanding of Mr. Baxley's income.

A. Okay. Eighty percent (80%) of Mr. Baxley's income is not service connected.

Q. Now that's your – okay.

A. That's what the papers say.

Q. Where does he – where does he get his uh, where does his income, to your knowledge, where does his income come from?

A. It comes – it comes from the VA because he – he filed for dis – unemployable disability. He got hurt in '94.

Q. He wasn't in the military in '94?

A. No, he wasn't in the military then.

Q. His service was long before your marriage, correct?

A. Yes, sir.

Q. And all of his income comes from the Veteran's Administration?

A. Yes, sir. He worked four (4) years of our marriage; I worked in between, he finally got on disability that we were able to have a little bit of money.

This testimony from Paulette is clear evidence of Larry's ability to pay spousal support. Moreover, Paulette also testified as to the amount of interim spousal support she received from Larry prior to trial:

5

Q. How much were you getting per month?

A. Thirteen hundred and fifty-four dollars ($1,354.00).

Q. Were you able to make it on that amount?

A. Oh yeah. I – I done alright.

Q. That . . . basically covered your expenses?

A. Right, but I had so much behind me and trying to catch up on everything, I – just done the best I could.

As Paulette notes, while interim spousal support is not one of the specifically listed factors in La.Civ.Code art. 112, the case law and the article itself does not limit a trial court to an examination of only the listed factors. *See Roan v. Roan*, 38,383 (La.App. 2 Cir. 4/14/04), 870 So.2d 626. Thus, Larry's ability to pay $1,354.00 in interim spousal support as recently as August, 2014 (approximately three months prior to trial), is a relevant and telling factor as to his ability to pay $850.00 per month in spousal support.

The trial court is vested with great discretion in making alimony determinations, and such judgments will not be disturbed absent a manifest abuse of discretion. *Ardoin v. Ardoin*, 06-245 (La.App. 3 Cir. 6/28/06), 934 So.2d 253, *writ denied*, 06-1925 (La. 11/3/06), 940 So.2d 667; *Goodnight v. Goodnight*, 98-1892 (La.App. 3 Cir. 5/5/99), 735 So.2d 809. Moreover, a trial court's judgment "as to whether the spouse has insufficient means for support will not be disturbed absent a manifest abuse of discretion." *Ward v. Ward*, 04-803, p. 5 (La.App. 5 Cir. 1/25/05), 894 So.2d 499, 502. After a thorough review of the record, we find no manifest abuse of discretion in the trial court's award of $850.00 in final spousal support to Paulette.

In his second assignment of error, Larry asserts the trial court erred in considering his Verified Income and Expense Statement from the interim spousal

6

support trial. Initially, as Paulette notes in brief, the Verified Income and Expense Statement relied upon by the trial court is not the Verified Income Statement filed in open court at the hearing on interim spousal support. Rather, the document considered by the trial court is the Verified Income and Expense Statement signed and filed by Larry on December 9, 2013 and contained in the suit record before this court. The trial court's written reasons for judgment do not state the court took judicial notice of the Verified Income and Expense Statement, but rather, state the trial court considered it as a relevant factor or "general indication of Larry's ability to pay support." The trial court's consideration of the Verified Income and Expense Statement as a relevant factor in conjunction with the evidence presented at trial was not an impermissible judicial notice of an adjudicative fact, but instead an appropriate examination of the suit record to assist the trial court in its determination.

Further, prior to the taking of testimony, Larry waived the necessity for filing a Verified Income and Expense Statements in regard to the issue of final spousal support. We also note Larry had several opportunities to controvert the evidence presented as to his ability to pay support, but chose not to do so. Paulette's testimony as to Larry's receipt of disability benefits and past payment of interim support was not controverted on cross-examination. Larry also did not offer any testimony as to a lack of ability to pay support. His attempt to raise his alleged inability to pay for the first time on appeal comes too late.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Larry Walter Baxley.

**AFFIRMED.**

7