Clayton M. FAUCHEUX, Jr.

v.

Deidre Schexnayder FAUCHEUX

NO. 16–CA–298

Court of Appeal of Louisiana, Fifth Circuit.

December 07, 2016

COUNSEL FOR PLAINTIFF/APPEL-LANT, CLAYTON M. FAUCHEUX, JR., Mark A. Marino

COUNSEL FOR DEFENDANT/AP-PELLEE, DEIDRE SCHEXNAYDER FAUCHEUX, Maria M. Chaisson ·

Panel composed of Fredericka Homberg Wicker, Marc E. Johnson, and Hans J. Liljeberg

JOHNSON, J.

Plaintiff/Appellant, Clayton M. Faucheux, Jr., appeals a judgment that continued a final periodic spousal support award in favor of Defendant/Appellee, Deidre Schexnayder Faucheux, from the 29th Judicial District Court, Division "C". For the following reasons, we affirm the judgment.

This is the second appeal the parties have brought before this Court on the issue of final periodic spousal support. The underlying facts of this matter can be found in *Faucheux v. Faucheux*, 11–93 (La. App. 5 Cir. 3/27/12); 91 So.3d 1119.

On September 10, 2015, Mr. Faucheux filed a "Rule to Decrease and/or Terminate Spousal Support." In his pleading, Mr. Faucheux averred that circumstances had changed to such a degree and extent that he was entitled to a decrease and/or termination of his final periodic spousal support order of $1,700 per month. He also alleged that Ms. Faucheux had obtained a substantial increase in her monthly income through employment and had received a substantial sum in settlement of her share of community property in June of 2012.

A rule to show cause hearing was held on November 9, 2015. At the brief hearing, both Mr. Faucheux and Ms. Faucheux testified to their respective incomes and expenses. The trial court took the matter under advisement and rendered a judgment on December 3, 2015. The judgment denied and dismissed all of the claims raised in Mr. Faucheux's rule and cast each party to bear their respective costs.

In its "Reasons for Judgment," the trial court noted that Ms. Faucheux had an increase in her income since the initial judgment; however, the increase was offset by her house note. The trial court noted that Mr. Faucheux had substantial income that had increased since the initial support order was set. The trial court's review of the evidence presented concluded that Ms. Faucheux was just "making it" financially. The trial court found that Ms. Faucheux's ongoing health issues and her ongoing monthly expenses, coupled with her limited current income, rendered her in necessitous circumstances and, as such, was in need of the continued spousal support as initially awarded. The trial court acknowledged Ms. Faucheux's limited assistance to her adult son and incarcerated brother as noble gestures but

found those were not proper expenses to be considered in assessing permanent spousal support. Mr. Faucheux filed the instant appeal of the December 3rd judgment.

On appeal, Mr. Faucheux's sole assignment of error alleges the trial court erred in failing to find that the final periodic spousal support award should have been terminated or decreased. Mr. Faucheux argues that the trial court erred in its judgment by finding that he continues to owe final periodic spousal support because Ms. Faucheux is in necessitous circumstances and is just "making it financially." Mr. Faucheux contends that Ms. Faucheux's income has dramatically increased since the initial award in 2011, when she claimed a monthly income of $600, to an income of approximately $3,000 one month prior to the filing of his Rule to Decrease and/or Terminate Spousal Support because she is gainfully employed. He claims that Ms. Faucheux is now capable of providing for her basic necessities in life due to her increased income. Mr. Faucheux also claims that Ms. Faucheux's standard of living and lifestyle has also dramatically increased with expenses that are not attributable to the necessary expenses required for her maintenance under the final periodic spousal support guidelines, as she is now supporting an adult son and her incarcerated brother. He further contends that the trial court erred in failing to consider the $300,000 in assets Ms. Faucheux received from the partition of the community property. When coupled with Ms. Faucheux's increased earnings, Mr. Faucheux argues that Ms. Faucheux's substantial change in assets shows that she is more than capable of meeting her basic necessities in life, |₃and his obligation of final periodic spousal support should have been terminated or, at the least, decreased.

Conversely, Ms. Faucheux maintains that the trial court judgment is proper because she is essentially in the same necessitous circumstances as she was in 2011. Ms. Faucheux avers that, while her income has increased since 2011, Mr. Faucheux's focus on the increase of her monthly income does not account for the additional expenses she has had to incur since the initial award, e.g., a mortgage note (because she had to move out of the family home), homeowner's insurance and flood insurance, all of which offset her income increase. She also avers that, although she has expenses for her troubled son and incarcerated brother, it is clear that the trial court did not consider those expenses in arriving at its decision. As for the assets she received from the community property partition, Ms. Faucheux asserts that she only received approximately $221,200, and those funds have been drastically depleted due to paying for legal fees, a down payment on her townhouse, surgeries and other expenses. She also contends that most of these assets were retirement accounts, which she cannot access without paying taxes and penalties. When viewing those facts, Ms. Faucheux contends that her increased income does not eliminate her need for the $1,700 per month in spousal support.

▆▆▆▆ Final periodic spousal support is awarded to a former spouse in need and is limited to an amount sufficient for maintenance, as opposed to a continuation of an accustomed style of living. *Faucheux*, 91 So.3d at 1122, citing *Dufresne v. Dufresne*, 10–963 (La.App. 5 Cir. 5/10/11); 65 So.3d 749, 762. Maintenance includes food, shelter, clothing, transportation, medical and drug expenses, utilities, household necessities, and income tax liability generated by spousal support payment. *Id.* The trial court is vested with great discretion in making post-divorce spousal support de-

terminations, and its judgment as to whether the spouse has sufficient means for support will not be disturbed absent an abuse of ⌊4discretion or manifest error. *McClanahan v. McClanahan*, 14–670 (La. App. 5 Cir. 3/25/15); 169 So.3d 587, 596.

■ At trial, Ms. Faucheux testified that she started working at the Marriott Hotel as a banquet server on February 25, 2013, earning $23 per hour. However, she stated that she had to change her position to a concierge supervisor in July of 2014 due to the demands of the banquet server position and her health problems. The concierge position only paid $14 per hour. Ms. Faucheux presented evidence that her gross income through October 2, 2015 was $21,879.67 and testified that her net income was $1,669 per month. Ms. Faucheux attested that her monthly expenses were namely: a mortgage note, homeowner's association fees, homeowner's insurance, flood insurance, groceries, prescriptions, medical co-pays, and household supplies. She also attested to having to pay other items, such as attorney's fees, credit card bills and her cell phone bill, and helping financially with her adult son and incarcerated brother. Ms. Faucheux testified that, even with the $1,700 Mr. Faucheux pays her in spousal support, she is barely making it financially, and she would not be able to afford her home if Mr. Faucheux's support obligation were reduced.

After considering the testimony and other evidence presented at the hearing, we cannot find the trial court was manifestly erroneous in determining that Ms. Faucheux is still in need of final periodic spousal support and denying Mr. Faucheux's rule. Ms. Faucheux's monthly maintenance expenses coupled with her income support the trial court's conclusion that she is still in necessitous circumstances and is in need of the continued spousal support. We do not find the trial court was erroneous in denying Mr. Fau-

cheux's request to reduce or terminate the support order.

### DECREE

For the foregoing reasons, we affirm the judgment ordering continued final ⌊5periodic spousal support in favor of Deidre Schexnayder Faucheux and against Clayton M. Faucheux, Jr. Mr. Faucheux is to bear the costs of this appeal.

### AFFIRMED